STATE v. BOWERS.

1. CRIMINAL LAW—MANSLAUGHTER—CHARGE.—To define manslaughter as a blow out of a "hot heart," "heart full of passion, full of anger, and yet not full of sin," "sinful heart," having been defined as a "malicious heart," is not error, although it is better for the Judge to use legal terms instead of moral.

2. IBID.—SELF-DEFENSE.—Definition of self-defense held not erroneous.

Before GAGE, J., Greenville, January term, 1902. Affirmed.

Indictment against Alexander Bowers for murder.    From sentence on verdict of manslaughter, defendant appeals.

*Messrs. Heyward, Dean & Earle,* for appellant, cite: *Definition of manslaughter is erroneous:* 36 S. C., 479.    *Judge should declare the law:* 58 S. C., 92.    *Law as to self-defense not properly charged:* 13 S. C., 466; 32 S. C., 44; 24 S. C., 282; 29 S. C., 236.

*Mr. Solicitor Boggs,* contra (oral argument).

February 11, 1903.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    The question presented by this appeal is whether the Circuit Judge, his Honor, Judge Gage, in his charge to the jury, correctly set forth the law of this State defining the crime of manslaughter, of which the defendant was convicted by the jury.    It is but just to the presiding Judge that his entire charge should be reproduced. It is as follows: "Gentlemen of the jury: I am not going to say much to you in this case, because it is not .necessary for me to say much.    The features of this case lie within a very narrow compass.    If you are satisfied that Alexander Bowers killed James Howard, then you have only one inquiry to make, and that is, How did he come to kill him?    It is unlawful for one man to kill another.    So that your next inquiry is, How did Alexander Bowers come to kill James Howard?    I charge you that if he killed him in self-defense, you will acquit him or excuse him.    Now self-defense means, gentlemen, just what these words imply.    It means that when one man kills another of necessity.    It exists when one man finds himself in a position of peril—imminent peril either to himself or to another; in peril of his life, or in peril of serious bodily harm; and where he finds himself in that position, and strikes to save his life, or strikes to save his body from serious harm, or to save the life of another person, or to save another person from serious bodily harm, the

law constitutes that self-defense; and if you believe the defendant in this case did that, then you should render a verdict of not guilty. If you find out that he did not do that, gentlemen, then you will disregard self-defense, and go one step farther, and see if there is another defense, and that is what is called defense of the castle. That means this, gentlemen: it is different from self-defense. If a man has a home, a residence, and living in it, and another man undertakes to drive him out, he has a right to kill him to keep him out. That is the law. When a man enters his home and another man comes to take him out, go into the house by force, break in, any occupant of the house has a right to kill him and keep him out. Now, if you believe that state of facts, you should render a verdict of not guilty; if you don't believe that state of facts, you should disregard it and render a verdict of guilty; there is where the office of the jury comes in. Gentlemen, I can tell you what the law is, but it is for the jury to say what the facts are. It is for the jury to say whether or not Alexander Bowers struck on that day, if he did strike, to save his life or his body from serious harm, or to save his wife and children from serious harm. I tell you, if he did, you will acquit him. Whether or not he did, is a matter for you. I tell you, if Alexander Bowers struck to keep the man from entering his house, the law acquits him. Whether or not he did do that, is a question for you.

"If you decide both of these defenses against Alexander Bowers, then you go one step further, and inquire out of what sort of heart he did this killing. I tell you, if he did it out of a malicious heart, sinful heart, it is murder, and the penalty is death. You might ask yourselves how are you to determine upon a human heart? That is the province of a jury every day. Just like a surgeon looks at a sick man's tongue * * * so jurymen look upon a man's hands and tell what motive prompted his heart. I tell you, if Alexander Bowers struck this blow out of a heart full of sin and malice, that is murder. Whether or not he had that sort of heart, is a matter for you. If you are satisfied that he did have that

sort of heart, render a verdict of guilty; if you have reasonable doubt about it, write a verdict of not guilty of murder. If you acquit him of murder, then your next inquiry is: is he guilty of manslaughter? The difference between manslaughter and murder is like the difference between day and night. Murder is, as I told you, where a man strikes out of a hot heart; heart full of passion, full of anger and yet not full of sin. If he strikes out of that sort of heart, the law denominates it manslaughter, and the penalty is imprisonment for a series of years. That is all I have to say to you except about the matter of reasonable doubt. Alexander Bowers is put on trial here for a serious crime, and it is the business of the State in every case to satisfy the jury beyond a reasonable doubt of a man's guilt. Now, reasonable doubt, gentlemen, means just what the words imply. If I should tell you what an unreasonable man was, you would know what I meant; if I should tell you what a reasonable man was, you would know what I meant. Therefore, you must understand, when I say to you, if you have a reasonable doubt about this man's guilt, you must find him not guilty; and if you have no such doubt of this man's guilt, if you are satisfied beyond a reasonable doubt of his guilt, you should render a verdict of guilty.

"Now, gentlemen, as to the form of your verdict. If you believe that he struck this blow in self-defense, write a verdict of not guilty. If you believe he struck this blow to keep James Howard from entering his house, write a verdict of not guilty. If you disbelieve both of these defenses, and believe he struck out of a malicious heart, write a verdict of guilty. If you believe he did not strike out of a hard heart, write a verdict of manslaughter. With reference to a general verdict of guilty. Gentlemen, it is proper for me to say to you, in special cases that it is proper for the jury to recommend a party to mercy; that practically gives them the right to fix the penalty. No man can forfeit his life under the laws of this country except by consent of a jury. To recommend a party to mercy is to thereby save his life, and the

law fixes the punishment at lifetime imprisonment. Now, gentlemen, this is a solemn business for you. I am going to put it where the law puts it, where the constitutional law puts it, upon your shoulders. This is your country. The defendant at the bar is your fellow-citizen; the dead man was your fellow-citizen. Whatever your verdict be, gentlemen, write it upon the back of this indictment, and sign your name as foreman."

The following grounds of appeal are presented:

"1. Because the Judge erred in charging the jury as follows: 'Now, gentlemen, as to the form of your verdict. If you believe that he struck this blow in self-defense, write a verdict of not guilty. If you believe he struck this blow to keep James Howard from entering his house, write a verdict of not guilty. If you disbelieve both of these defenses and believe he struck out of a malicious heart, write a verdict of guilty. If you believe he did not strike out of a hard heart, write a verdict of manslaughter.' The error being that the language, 'If you believe he did not strike out of a hard heart, write a verdict of manslaughter,' is ambiguous, indefinite, incorrect, and was misleading to the jury—especially so when the record shows that said language was used just as the Judge was closing his charge to the jury, and he not having previously clearly charged the law of manslaughter.

"2. Because the Circuit Judge erred in not charging the law of manslaughter, thereby violating the provisions of article V., section 26, of the Constitution of South Carolina, which provides: 'Judges shall not charge juries in respect to matters of fact, but shall declare the law.'

"3. Because the Circuit Judge erred in charging the jury as follows: 'Murder is, as I told you, where a man strikes out of a sinful heart. Manslaughter is when he strikes out of a hot heart; heart full of passion, full of danger, and yet not full of sin. If he strikes out of that sort of a heart, the law denominates it manslaughter, and the penalty is imprisonment for a series of years.' The error being that the said

definition is not the legal and true definition of that offense, and it is uncertain in its terms and meaning, and was, therefore, erroneous and misleading to the jury.

"4. Because the Circuit Judge erred in charging the following as the law of self-defense: 'I charge you, if he killed him in self-defense, you will acquit him. Now, self-defense means, gentlemen, just what those words imply. It means that when one man kills another of necessity. It exists where one man finds himself in a position of peril—imminent peril either to himself or to another in peril of his life, or in peril of serious bodily harm; and where he finds himself in that position and strikes to save his life, or strikes to save his body from serious harm, or to save the life of another person from serious bodily harm, the law constitutes that self-defense; and if you believe the defendant in this case did that, then you should render a verdict of not guilty.' Whereas, he should have charged that the jury should render a verdict of not guilty, if they believed from the evidence that the accused was without fault in bringing on the difficulty, and that the defendant believed at the time of the killing, that he was in imminent danger of losing his life or of receiving serious bodily harm, and that a person of ordinary reason and firmness, placed under like circumstances as the defendant was placed at such time, would have been warranted in believing that he was in such danger. Error is imputed to the Judge in not charging the law of self-defense, thereby violating the provisions of art. V., sec. 26, of the Constitution of South Carolina, which provides, 'Judges shall not charge juries in respect to matters of fact, but shall declare the law.' "

Let us now pass upon these grounds of appeal in their order. First. In our criminal statutes, murder is described in these words: "Section 108. Murder is the killing of any person with malice aforethought, either express or implied." And manslaughter is described therein: "Section 120. Manslaughter, or the unlawful killing of another without malice, express or implied * * *" Murder

in this State is not a statutory offense; it is still a common law offense—*State* v. *Coleman,* 8 S. C., 237; and the same is true of the crime of manslaughter.   Therefore, when a Circuit Judge comes to charge the jury as to these two crimes, so long as he preserves intact the fundamental requirements of these two sections of our criminal statutes, he has not transgressed the law.   *Malice aforethought,* either express or implied, must be preserved in a charge upon *murder;* and the absence of malice, though the killing is unlawful, must be preserved in charge upon manslaughter.   It is very evident that in the charge of the Circuit Judge, he preserved these rules; for, as to murder, he says: "If he did it (the deed) out of a *malicious heart,* sinful heart, it is murder." Thus the Circuit Judge emphasized malice as an essential ingredient in the crime of murder.   The Circuit Judge here paints what he calls a "sinful heart," a "hard heart," and in such words that a jury could not mistake his meaning; and when he comes to define "manslaughter," he says: "manslaughter is when he strikes out of a hot heart, heart full of passion, full of anger, and *yet not full of sin."*   The Circuit Judge had just told the jury that the sinful heart was a malicious heart; so, therefore, when in regard to manslaughter, he tells the jury that the heart of the accused was not full of sin, he meant a heart void of malice, and the jury understood him.   See how careful he is to say, out of "hot heart;" "heart full of passion," "full of anger," and "yet not full of sin."   If we were required, we might admonish Circuit Judges in their charges to avoid the use of moral terms, but rather to cling to the established legal nomenclature in defining the offenses of murder and manslaughter.   This exception is overruled.

Second.   We do not find that the Circuit Judge failed to charge the law as to manslaughter—indeed, we have just held that the terms used by him clearly pointed out the legal significance of that crime.   The absence of malice, the sudden heat and passion, all appear in his charge.   Hence he did not violate the provisions of art. V., sec. 26, of the Constitu-

tion of this State, which required Judges to charge or declare the law. This exception is overruled.

Third. We have already, under the first ground of appeal, disposed of this exception, and it is, therefore, overruled.

Fourth. We cannot sustain this exception. In regard to self-defense, we think the Circuit Judge correctly brought before the jury in his charge the law applicable to the case then at the bar of his Court, for in the absence of the testimony (for the same is not embraced in the case of appeal), we must assume that the Circuit Judge had in his mind that the facts of this cause warranted him in so shaping his charge to meet the requirements of this case. The case of *State* v. *McGreer,* 13 S. C., 466, does not and could not lay down the law as an unchangeable rule to govern every case, but rather it was intended to fit the rule to the facts there set up, and, of course, all similar cases. A Circuit Judge in his charge must adopt the language to make clear the principles of the law so that juries could clearly understand the same. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court herein be affirmed.