9394

STATE v. WILSON.

(89 S. E. 301.)

HOMICIDE. APPEAL AND ERROR. CHARGE.

1. HOMICIDE— APPEAL— HARMLESS ERROR— INSTRUCTIONS.— An instruction, that "murder is the highest crime known to the law," even if error because rape and arson are also capital offenses, is not prejudicial.

2. HOMICIDE—INSTRUCTIONS—MURDER.—An instruction, that murder is the felonious killing of a human being by another with malice aforethought, is not erroneous in failing to charge that "murder is the killing of a person," etc.

3. HOMICIDE — INSTRUCTIONS — "MANSLAUGHTER" — "MURDER."— An instruction that "manslaughter" is the felonious killing of a human being without malice in sudden heat on sufficient legal provocation, and, that if malice existed, felonious killing with malice is "murder" though done in heat and passion upon provocation by deceased, is free from objection.

Before MOORE, J., Abbeville, February, 1915. Affirmed.

Robert W. Wilson, being convicted of murder, appeals. *Mr. J. Moore Mars,* for appellant, cites: *As to definition of murder:* Crim. Code 1912, p. 263; 21 Cyc. 621. *Manslaughter:* 28 S. C. 29; 65 S. C. 213; 95 Am. St. Rep. 800.

*Mr. Solicitor Cooper,* for respondent.

May 30th, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted for murder, and the jury rendered a verdict of guilty, with a recommendation to mercy; whereupon, he was sentenced to imprisonment on the county chain gang for the term of his natural life.

The defendant appealed upon five exceptions, the first of which is as follows:

"Because his Honor erred in charging the jury that 'murder is the highest crime known to the law.' Whereas it is respectfully submitted that murder is a capital offense and so is rape and arson, and his Honor's charge was misleading to the jury, and the defendant was prejudiced thereby."

Even if there was error, it was not prejudicial.

The second exception is as follows:

"Because his Honor erred in charging the jury that 'murder is the felonious killing of a human being by another with malice aforethought express or implied.' Whereas, it is respectfully submitted that his Honor should have charged that 'murder is the killing of any person with malice aforethought either expressed or implied.' "

In the first place, the statute does not create a new crime, but is merely declaratory of the common law, and in no way affects the ingredients which are necessary to constitute the crime at common law. *State* v. *Coleman,* 8 S. C. 237; *State* v. *Bowers,* 65 S. C. 207, 43 S. E. 656, 95 Am. St. Rep. 795. His Honor, the presiding Judge, charged the crime as defined at common law. But there is another reason why the exception cannot be sustained. If it was rendered more difficult for the State to prove the crime as defined by his Honor, the presiding Judge, than if he had charged in the words of the statute, it cannot be successfully contended that it was prejudicial to the rights of the appellant.

The third exception was abandoned.

The fourth exception is as follows:

"Because his Honor erred in charging the jury: 'Manslaughter is the felonious killing of one human being by another, without malice, in sudden heat and passion and upon sufficient legal provocation. If malice existed in the heart of the slayer, and felonious killing with malice is murder where it is inspired by malice, even though it be done in heat and passion upon provocation,

then given by the deceased.' Whereas, his Honor instructed the jury that they could not find a verdict of manslaughter, if they should find that the killing was done in sudden heat and passion, under reasonable provocation."

Not only is that portion of the charge, mentioned in the exception, free from error, but his Honor, the presiding Judge, charged the jury fully, ably, and correctly as to the law of homicide in all its phases.

The fifth exception was abandoned.

Judgment affirmed.

MR. JUSTICE GAGE did not participate in the consideration of this case.