## 18816

The STATE, Appellant, v. Clara Lou HARPER, Respondent
(162 S. E. (2d) 712)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman* and *Emmet Clair, Assistant Attorneys General,*

380

of Columbia, and *W. H. Ballenger, Solicitor,* of Anderson, *for Appellant,*

*Messrs. G. Ross Anderson, Jr.,* and *Karl L. Kenyon,* of Anderson, *for Respondent,*

August 12, 1968.

LEWIS, Justice.

The question to be decided in this appeal is whether the ruling of the United States Supreme Court in the recent case of *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138, renders constitutionally invalid the South Carolina statutory provisions relating to the imposition of the death penalty for murder. The matter is here on appeal by the State from an order quashing an indictment for murder against the defendant upon the ground that the penalty provisions of our applicable statutes were unconstitutional under the test laid down in *Jackson.*

The crime of murder is a common law offense (*State v. Coleman*, 8 S. C. 237; *State v. Bowers*, 65 S. C. 207, 43 S. E. 656; *State v. Wilson*, 104 S. C. 351, 89 S. E. 301); and was usually punishable under the common law by death, 24B C. J. S. Criminal Law § 1985. However, the punishment is now prescribed by statute.

There are two statutes in question, Section 16-52 of the 1962 Code of Laws, setting forth the punishment for murder, and Act No. 864 of the 1962 Acts of the General Assembly, 52 Stat. 2155 (now Section 17-553.4, 1967 Supplement to the 1962 Code of Laws), relating to guilty pleas. They are as follows:

Section 16-52. Punishment for murder.—Whoever is guilty of murder shall suffer the punishment of death; provided, however, that in any case in which the prisoner is found guilty of murder the jury may find a special verdict recommending him to the mercy of the court, whereupon the punishment shall be reduced to imprisonment in the Penitentiary with hard labor during the whole lifetime of the prisoner.

Section 17-553.4. Sentencing in cases of guilty pleas.— In all cases where by law the punishment is affected by the jury recommending the accused to the mercy of the court, and a plea of guilty is accepted with the approval of the court, the accused shall be sentenced in like manner as if the jury in a trial had recommended him to the mercy of the court.

The decision in *Jackson* involved the penalty provisions of The Federal Kidnaping Act (18 U. S. C., Section 1201 (a)), which provides: "Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully * * * kidnapped * * * and held for ransom * * * or otherwise * * * shall be punished (1) by death if the kidnapped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death

penalty is not imposed." The court there pointed out: "This statute thus creates an offense punishable by death 'if the verdict of the jury shall so recommend.' The statute sets forth no procedure for imposing the death penalty upon a defendant who waives the right to jury trial or upon one who pleads guilty." And further stated: "Under the Federal Kidnapping Act, therefore, *the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed;* the defendant ingenious enough to seek a jury acquittal stands forewarned that, if the jury finds him guilty and does not wish to spare his life, he will die." (Emphasis added.)

The question decided in *Jackson* was thus stated by the court: "Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury." That question was answered by a holding that "the inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial." The death penalty provisions of the Federal Kidnaping Act were, therefore, declared unconstitutional because the death penalty under the Act was "applicable only to those defendants who assert the right to contest their guilt before a jury."

The question before us then is whether the provisions of our statutes render the death penalty for murder in South Carolina applicable only to those defendants who assert the right to plead not guilty. If they do, then the *Jackson* decision renders the death penalty provisions of the statutes in question unconstitutional in so far as they effect such result. On the other hand, if they do not so operate, the ruling in *Jackson* does not apply.

Section 16-52, in its present form, was enacted in 1894, the proviso contained therein being adopted as an amendment to Section 2454 of the General Statutes of 1882. Act

No. 530, Acts of 1894. Prior to the 1894 amendment the only punishment prescribed by our statutes for murder was death.

Under 16-52, the punishment for murder is death unless a jury finds a special verdict recommending the defendant to the mercy of the court, in which event the punishment is life imprisonment. This section makes no special provision for a plea of guilty, although such a plea is not precluded. A plea of guilty affords no automatic immunity from the death penalty. On the contrary, the one who pleads guilty, as well as the one who pleads not guilty and is found guilty by the jury, can escape the penalty of death only after a jury has heard the matter and recommended mercy. Therefore, the death penalty is not applicable only to those defendants who assert the right to contest their guilt before a jury; and Section 16-52, standing alone, is not unconstitutional under the test applied in *Jackson*.

Under Section 17-553.4 a defendant may tender a plea of guilty of murder and, if accepted with the approval of the court, such a plea has the same effect as a recommendation to mercy by a jury, with life imprisonment as the automatic punishment. If a defendant pleads not guilty and a jury returns a verdict of guilty without a recommendation to mercy, the death sentence is automatic. Therefore, it becomes evident that one charged with the crime of murder may escape the death penalty by entering a plea under the provisions of Section 17-553.4, but risks the imposition of the death penalty by asserting his right to a jury trial. This is the vice condemned in the *Jackson case* and, applying the rule announced in *Jackson*, Section 17-553.4 must be held unconstitutional, where the death penalty is involved.

We then come to the question of the effect of the unconstitutionality of Section 17-553.4 upon the death penalty provisions of Section 16-52. The State contends that the provisions of the two statutes are severable, while the defendant takes the position that together they set forth the

statutory scheme of punishment for murder in this State and *must* be construed together.

We think that the provisions of the two statutes are ■ clearly severable and, when the unconstitutional terms of Section 17-553.4 are dropped, Section 16-52 remains as a fully operative law. While we are here dealing with separate statutes, the governing principle is thus stated in *Townsend v. Richland County,* 190 S. C. 270, 2 2 S. E. (2d) 777: "On the other hand, where a part of the statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such a character as that it may fairly be presumed that the Legislature would have passed it independent of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder." In *United States v. Jackson, supra,* the following rule was approved: "The unconstitutionality of a part of an Act does not necessarily defeat * * * the validity of its remaining provisions. Unless it is evident that the legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law."

The terms of Section 17-553.4 are clearly severable ■ from Section 16-52, and the unconstitutionality of the former does not require that the latter statute also be eliminated.

Section 16-52 was enacted in its present form in 1894, while Section 17-553.4 was enacted in 1962, approximately sixty-eight years later. The only effect of the subsequent statute upon Section 16-52 was to permit the entry of a court approved plea of guilty as the equivalent of a recommendation to mercy by the jury. There is present no legislative intent to grant to a defendant the absolute right to enter a plea of guilty and thereby escape the death penalty. The plea of guilty could only be entered with the approval of the court. If the entry of a plea was refused under Sec-

tion 17-553.4, the rights of the defendant were still determined under Section 16-52. The elimination of the provisions of Section 17-553.4 leaves Section 16-52 in the same form in which it existed for almost seventy years. It remains an effective statute.

We therefore hold that:

(1) Section 17-553.4 is unconstitutional under the test laid down in *United States v. Jackson;*

(2) Section 16-52 is constitutional and legally severable from the provisions of Section 17-553.4;

(3) Hereafter, regardless of past custom and practice, the choice between life imprisonment and the death penalty must be left by the trial courts in this State to the jury in *every* case, in accord with Section 16-52, regardless of how the defendant's guilt has been determined, whether by the verdict of the jury or by a plea of guilty.

The judgment of the lower court quashing the indictment herein is accordingly reversed and the case is remanded for further proceedings consistent with this opinion.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.