18739

THE STATE, Respondent, v. Frank CANNON, Appellant

(186 S. E. (2d) 413)

*Messrs. Rembert D. Parler* and *James R. Turner,* of Spartanburg, *for Appellant.*

*Messrs. John H. Nolen, Sol.,* and *Milton A. Smith, Asst. Sol.,* of Spartanburg, *for Respondent.*

ORDER

January 20, 1972.

*Per Curiam:*

The defendant, Frank Cannon, was convicted of rape, and sentenced to death pursuant to the provisions of Section 16-72 of the 1962 Code of Laws. Upon appeal to this Court, the judgment was affirmed subject to remand for a determination of factual issues relative to the admissibility of a confession 248 S. C. 506, 151 S. E. (2d) 752. This remand resulted in a general finding that the confession was voluntary. Appeal from that general finding resulted in remand a second time "for the purpose of a specific finding on all issues relating to the admissibility of the confession." 250 S. C. 437, 158 S. E. (2d) 357. Defendant is now prosecuting an appeal from findings of the lower court entered pursuant to the second remand.

The matter is here upon motion of the State to dismiss the defendant's appeal because not timely perfected, and the motion of defendant, subsequently noticed, that the prior judgment be reversed insofar as it imposes the death penalty and the case remanded for sentence under Section 16-72 as though the jury had returned a verdict with recommendation to, mercy. The motion of defendant follows the recent decision of the United States Supreme Court in *Thomas v. Leeke,* June 28, 1971, 403 U. S. 948, 91 S. Ct. 2291, 29 L. Ed. (2d) 860.

The imposition of the death sentence in this case was prior to our decision on August 12, 1968 in *State v. Harper,* 251

S. C. 379, 162 S. E. (2d) 712, which, as dictated by the decisions of the United States Supreme Court in *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138, and *Pope v. United States,* 392 U. S. 651, 88 S. Ct. 2145, 20 L. Ed. (2d) 1317, declared Section 17-553.4 of the South Carolina statutes unconstitutional, because its effect was to make the death penalty applicable to only those defendants who asserted the right to plead not guilty.

Recently the United States Supreme Court, upon the authority of its decisions in *Jackson* and *Pope,* reversed the judgment of this Court in *State v. Thomas,* 248 S. C. 573, 151 S. E. (2d) 855, "insofar as it imposes the death sentence." *Thomas v. Leeke, supra. Thomas,* as does the present case, involved the crime of rape, the sentences in both having been imposed prior to *Jackson* and *Pope* and our decision in *Harper.* The effect of *Thomas v. Leeke* was to affirm the judgment of conviction in that case and reverse only the imposition of the death penalty, leaving *Thomas* subject to sentence under Section 16-72 as though the jury had recommended mercy.

The decision in *Thomas v. Leeke,* is controlling here and entitles the defendant to the relief sought under his motion. The State so concedes. The State's motion must also be granted because defendant's motion is tantamount to an abandonment of his present appeal.

The motions of the State and the defendant are therefore granted. The appeal is accordingly dismissed; the judgment is reversed only insofar as it imposes the death penalty; and the case is remanded to the Court of General Sessions for Spartanburg County for the purpose of sentencing the defendant under Section 16-72, *supra,* as though the jury had returned a verdict with a recommendation to mercy.

LITTLEJOHN, J., disqualified.