18759

The STATE, Respondent, v. Leonard C. HAMILTON, Appellant

(186 S. E. (2d) 419)

*Messrs. Thomas W. Whiteside, Bobby M. Pruitt,* and *Franklin M. Mann,* of Spartanburg, *for Appellant.*

*Messrs. John H. Nolen, Sol.,* and *Claude A. Taylor, Jr., Asst. Sol.,* of Spartanburg, *for Respondent.*

ORDER

January 20, 1972.

*Per Curiam:*

The defendant, Leonard C. Hamilton, was convicted of murder, and sentenced to death pursuant to the provisions of Section 16-52 of the 1962 Code of Laws. Upon appeal to this Court, the judgment was affirmed subject to remand for "a determination by the court of whether at the time of appellant's arrest the arresting officers had probable cause to believe him guilty of the crime in question." 251 S. C. 1, 159 S. E. (2d) 607. This remand resulted in a finding, after an evidentiary hearing, that at the time of the appellant's arrest the arresting officers had probable cause to believe him guilty of the crime of which he was convicted. Upon this determination having been made by the Circuit Court, this Court, on August 16, 1971, affirmed the conviction of the appellant. The matter is here upon motion of the defendant, that the prior judgment be reversed insofar as it imposed the death penalty and that the case be remanded to the Court of General Sessions for Spartanburg County for the purpose of sentencing the defendant to life imprisonment under Section 16-52, as though the jury had returned a verdict with a recommendation to mercy. The motion of the defendant follows the recent decision of the United States Supreme Court in *Thomas v. Leeke,* 1971, 403 U. S. 948, 91 S. Ct. 2291, 29 L. Ed. (2d) 860.

The imposition of the death sentence in this case was prior to our decision on August 12, 1968 in *State v. Harper,* 251 S. C. 379, 162 S. E. (2d) 712, which, as dictated by the decisions of the United States Supreme Court in *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138 and *Pope v. United States,* 392 U. S. 651, 88 S. Ct. 2145, 20 L. Ed. 1317, declared Section 17-553.4 of the South Carolina statutes unconstitutional, because its effect was to make the death penalty applicable to only those defendants who asserted the right to plead not guilty.

Recently the United States Supreme Court, upon the authority of its decisions in *Jackson* and *Pope,* reversed the judgment of this Court in *State v. Thomas,* 248 S. C. 573, 151 S. E. (2d) 855, "insofar as it imposes the death sentence." *Thomas v. Leeke, supra.* The *Thomas* case involved the crime of rape. The sentences in the *Thomas* case and in this case were imposed prior to *Jackson* and *Pope* and our decision in *Harper.* The effect of *Thomas v. Leeke* was to affirm the judgment of conviction in that case and reverse only the imposition of the death penalty, leaving *Thomas* subject to sentence under Section 16-72 as though the jury had recommended mercy.

The decision in *Thomas v. Leeke* is controlling here and entitles the defendant to the relief sought under his motion. The State so concedes.

The motion of the defendant is, therefore, granted and our judgment is reversed only insofar as it imposed the death penalty; and the case is remanded to the Court of General Sessions for Spartanburg County for the purpose of sentencing the defendant to life imprisonment under Section 16-52 of the Code, as though the jury had returned a verdict with a recommendation to mercy.

LITTLEJOHN, J., disqualified.