## 21135

Russell A. CRIMINGER, No. 80084, Appellant, v. STATE of South
Carolina, Respondent.

(262 S. E. (2d) 734)

*Roy T. Stuckey* and *Vance L. Cowden,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmett
H. Clair* and *Staff Atty. Corinne G. Russell,* Columbia, *for
respondent.*

January 28, 1980.

RHODES, Justice:

This is an appeal from a denial of an application for post-conviction relief. We affirm.

Appellant had previously pled guilty to burglary, using a car without the owner's permission, armed robbery, and assault and battery with intent to kill. Among the several sentences imposed upon appellant by the trial judge was a life sentence on the burglary plea, which forms the sole basis of this appeal.

Appellant asserts that the lower court was precluded from sentencing him to life imprisonment after a guilty plea to the charge of burglary by the provisions of Section 17-25-130 of the South Carolina Code (1976). That statute provides that

[i]n all cases where by law the punishment is affected by the jury recommending the accused to the mercy of the court, and a plea of guilty is accepted with the approval of the court, the accused shall be sentenced in like manner as if the jury in a trial had recommended him to the mercy of the court.

Under Section 16-11-310, South Carolina Code (1976), the effect of a recommendation of mercy by a jury would be to reduce the period of incarceration from life imprisonment to imprisonment for a period of not less than five years.

This court in *State v. Harper,* 251 S. C. 379, 162 S. E. (2d) 712 (1968) declared Section 17-25-130 to be unconstitutional under authority of *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138 (1968). Appellant contends, however, that this holding is limited to those cases in which the death penalty is involved and does not affect the validity of the statute as it relates to non-capital cases. To adopt this contention, however, would require this court to interpolate into the statute words of limitation, a function which would violate the doctrine of separation of powers set forth in Article I, Section 8 of the South Carolina Constitution. *See also 16 Am. Jur.* (2d) *Constitutional Law* § 225 (1964).

This court has assumed, without expressly deciding, on at least two occasions that Section 17-25-130, having been declared unconstitutional in *Harper,* was inapplicable to cases of burglary. *Childers v. State,* 261 S. C. 125, 198 S. E. (2d) 530 (1973); *State v. Lambert,* 266 S. C. 574, 225 S. E. (2d) 340 (1976). We discern no intent from tthe language of *Harper* to salvage as constitutional any portion of the statute.

Finding that Section 17-25-130 has been declared  unconstitutional in its entirety by *State v. Harper, supra,* the trial judge was authorized to impose the life sentence. The lower court's determination is therefore affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.