**Gilbert L. VOYLES, Plaintiff,**

v.

**Philip THORNEYCROFT, Superintendent, Motor Vehicle Division, Arizona Highway Department, Defendant.**

**Civ. No. 74-53 Phx WEC.**

United States District Court, D. Arizona.

March 21, 1975.

Clark L. Derrick of Flynn, Kimerer, Thinnes, Derrick & Lindholm, Phoenix, Ariz., for plaintiff.

Asst. Atty. Gen. Paul S. Harter, Phoenix, Ariz., for defendant.

Before KILKENNY, Circuit Judge and EAST and CRAIG, District Judges.

## OPINION

CRAIG, District Judge.

Plaintiff in the above entitled cause attacks the constitutionality of the Arizona Implied Consent Law, A.R.S. § 28-691. Plaintiff has instituted the action pursuant to Title 42 U.S.C. § 1983, and invokes the jurisdiction of this Court pursuant to Title 28 U.S.C. § 1343.

This is the second time the Implied Consent Statute of Arizona has been challenged on constitutional grounds before this Court, *Chavez v. Campbell,* Civ-73-163 Phx. In that case the Arizona Implied Consent Statute was held to be unconstitutional for failure to comply with the due process clause of the Fourteenth Amendment to the Constitution of the United States.

Subsequent to that decision of June 15, 1973, the Arizona Legislature amended A.R.S. § 28-691, and provided subparagraphs D., E. and F. thereof in an effort to comply with constitutional due process requirements. Because of our ultimate disposition of this matter, we do not presently pass on the question of constitutional due process as provided in the subparagraphs referred to in A.R.S. § 28-691.

In addition to the subparagraphs referred to, the Arizona Legislature fur-

ther amended A.R.S. § 28–691 by adding subparagraph H. thereof. Subparagraph H. reads as follows:

"H. Any person whose license or permit to drive or any nonresident operating .privilege is suspended or about to be suspended under the provisions of this section shall have the order of suspension issued by the department rescinded or shall not be suspended by the department upon presentation of proof satisfactory to the department that a plea of guilty has been entered, and not appealed, to a charge of violation of subsection A of § 28–692 which arose out of the arrest made by the officer submitting the affidavit. This subsection shall only apply to a person whose license or permit to drive or any nonresident operating privilege is suspended or about to be suspended for failure to submit to a chemical test required by this section."

■ Defendant asserts, among other defenses, that plaintiff lacks standing to challenge the validity of the statute under consideration. Defendant's position in this respect is without merit. See *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201.

■■ There is no question but what there is a compelling state interest for the State of Arizona to remove drunken drivers from the highway. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685. Subparagraph H. of A.R.S. § 28–691 is, however, in contravention of that compelling state interest, for in the application of that subparagraph, one who complies with it by entering a plea of guilty without appeal is treated in one fashion, while one who proclaims his innocence, and stands upon his constitutional rights is treated in another fashion. The person pleading guilty, without appeal, has his driver's license returned to him, while the person who stands on his constitutional rights has his license suspended.

Defendant asserts no grounds to justify the difference in the treatment provided under A.R.S. § 28–691 for those who refuse and those who consent to the breathalizer test. Were it to be argued that a justification is in providing a method of expediting the disposition of D.W.I. cases *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 would be dispositive of such an argument.

The effect of subparagraph H. is to needlessly chill the exercise of basic constitutional rights. See *United States v. Jackson, supra*. The operation of subparagraph H. obviously places the individual charged in a dilemma as to whether to stand on his rights, and thereby lose his driving privileges, or to enter a plea of guilty, without appeal, and thus retain his driving privileges. Thus, subparagraph H. of the statute imposes an impermissible burden upon the exercise of the accused's Fifth Amendment right not to plead guilty, and his Sixth Amendment right to demand a jury trial, and is, therefore, unconstitutional. See *United States v. Jackson, supra*, and *Pope v. United States*, 392 U.S. 651, 88 S.Ct. 2145, 20 L. Ed.2d 1317. Moreover, the obvious difference in treatment of the accused under the Arizona statute, which subparagraph H. includes therein, constitutes a violation of the equal protection clause of the Fourteenth Amendment.

The suspension of plaintiff's license pursuant to the provisions of A.R.S. § 28–691 was unconstitutional and void, and is of no further force and effect.

As stated, *supra*, we do not pass at this time upon the so-called hearing provisions of the statute as to whether they comply with the due process requirements of the Fourteenth Amendment; rather, we invoke the severability doctrine, and hold only that subparagraph H. of the statute is unconstitutional and void.