**Jared J. SCHARF, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**Cr. No. 85–00023–A.**

United States District Court, E.D. Virginia, Alexandria Division.

April 3, 1985.

Stephen Hart, Asst. U.S. Atty., Alexandria, Va., for plaintiff-appellee.

Jared J. Scharf, White Plains, N.Y. pro se.

## MEMORANDUM OPINION

CACHERIS, District Judge.

The defendant-appellant, Jared J. Scharf, on appeal from the United States Magistrate's ruling of December 20, 1984, challenges the constitutionality of the special assessment provision of Section 1405, of the Comprehensive Crime Control Act of 1984, Chapter XIV: Victims of Crime Act of 1984, 18 U.S.C. § 3013 (Supp.1984) ("Victims of Crime Act of 1984") as applied to

---

**1.** 36 C.F.R. § 50.31(b) (1984), operating a motor vehicle at a speed of 66 m.p.h. in a 50 m.p.h. zone.

the forfeiture of collateral in lieu of appearance for a petty offense. For the reasons set forth below, the special assessment of the Victims of Crime Act of 1984, 18 U.S.C. § 3013, is equally applicable to forfeiture of collateral and in addition, the current inconsistent application of the assessment constitutes an unconstitutional "chilling effect" on appellant's right to trial.

## I

### Background

On October 19, 1984, appellant was charged with speeding.[1] The violation notice stated that $40.00 could be posted as collateral and forfeited if the appellant elected not to appear for a hearing. A copy of the violation notice is attached as exhibit A.

On December 20, 1984, the appellant consented to trial before the U.S. Magistrate. Upon entry of a plea of guilty, the U.S. Magistrate imposed a $25.00 fine and a $25.00 special assessment under the recently enacted Victims of Crime Act of 1984, 18 U.S.C. § 3013.[2] The special assessment is not imposed on persons who post collateral.

Appellant timely noted his appeal, pursuant to Rule 7(b) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates ("U.S. Magistrates' Rules"), to this court. Appellant tenders the following arguments in support of his contention that the special assessment provision is unconstitutional: First, allowing a defendant to forfeit collateral, as opposed to appearing in court, is a violation of due process; second, the special assessment provision of the Victims of Crime Act of 1984 has a chilling effect upon appellant's right of allocution; and third, the court abrogated an implied plea offer contained in the notice to appear, thus, depriving appellant of due process of law.

---

**2.** By his appearance before the U.S. Magistrate, appellant subjected himself to a potential fine of $500 or imprisonment not to exceed six months or both. 36 C.F.R. § 50.5(a) (1984).

The Government, plaintiff-appellee, argues that the right chilled is not the constitutional right to trial, but the common law right of allocution found in Rule 32(a)(1)(C) of the Federal Rules of Criminal Procedure. The appellee further maintains that the statute does not make an unconstitutional distinction between petty offenders who post collateral and those who elect to appear and are convicted. Finally, the appellee maintains that the special assessment is inapplicable to any forfeiture of collateral for a petty offense.

## II

### Conclusions of Law

■ The appellant has set forth numerous constitutional challenges to the application of the special assessment with respect to forfeiture of collateral in misdemeanor offenses. However, "[i]t is well settled that if a case may be decided on either statutory or constitutional grounds, this [c]ourt, for sound jurisprudential reasons, will inquire first into the statutory question." *Harris v. McRae,* 448 U.S. 297, 306–307, 100 S.Ct. 2671, 2682–2683, 65 L.Ed.2d 784 (1980). Indeed, "[t]his practice reflects the deeply rooted doctrine 'that [this court] ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.'" *Id.* at 307, 100 S.Ct. at 2683 (*quoting Spector Motor Service, Inc. v. McLaughlin,* 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944)).

■ As always, with any issue of statutory construction, this court " 'must begin with the language of the statute itself.' " *Bread Political Action Committee v. FEC,* 455 U.S. 577, 580, 102 S.Ct. 1235, 1237, 71 L.Ed.2d 432 (1982) (*quoting Dawson Chemical Co. v. Rohm & Haas Co.,* 448 U.S. 176, 187, 100 S.Ct. 2601, 2608, 65 L.Ed.2d 696 (1980)). In short, this court's task is to "interpret the words of [the statute] in light of the purposes Congress sought to serve," namely, the establishment of a fund through special assessments to aid victims of crime. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 118, 103 S.Ct. 986, 994, 74 L.Ed.2d 845

(1983) (*quoting Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 608, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508 (1979)); *quoted in United Hospital Center, Inc. v. Richardson,* No. 84–1062, slip op. at 12 (4th Cir. Mar. 20, 1985).

The Victims of Crime Act of 1984, in pertinent part, provides for the following:

(a) The court shall assess on any person *convicted* of an offense against the United States—

(1) in the case of a misdemeanor—

(A) the amount of $25 if the defendant is an individual.

18 U.S.C. § 3013 (emphasis added). Thus, the assessment is imposed on, among other offenses, any misdemeanor *conviction.* As indicated earlier the special assessment has not been imposed on persons who elect to post collateral.

Notwithstanding the appellee's concession that the forfeiture of collateral has the indicia of a conviction, it has opted not to impose the assessment because it "would have proven overly burdensome from an administrative perspective." Government's Brief at 8. Because of the lack of debate or discussion with respect to the Victims of Crime Act of 1984, this court is hampered in its interpretation of the applicability of the special assessment to forfeiture of collateral offenses. Nevertheless, the plain meaning of the statute is telling.

Rule 4(a) of the U.S. Magistrates' Rules provides: "[w]hen authorized by local rules of the district court, payment of a fixed sum may be accepted in suitable types of misdemeanor cases in lieu of appearance and as authorizing the termination of the proceedings." Rule 29(H) of the United States District Court, Eastern District of Virginia, provides, in pertinent part, for the following:

(2) Upon the failure of the person charged with an offense or offenses to appear before the designated United States Magistrate for trial of the offenses listed in the orders heretofore mentioned, the collateral in the amount or amounts listed in said orders shall be

forfeited to the United States *and the posting of such collateral shall signify that the offender does not contest the charge nor request a hearing before the designated United States Magistrate.*

(3) If the collateral is forfeited, *such action shall be tantamount to a finding of guilt. Either the Clerk or United States Magistrate shall certify the record of any such conviction of a traffic violation or a traffic offense or other violation to the proper state authority as required by any applicable state statute.*

(emphasis added).

■ To be sure, forfeiture of collateral constitutes a guilty plea despite the lack of notice on the ticket to its legal effect. *See* Exhibit A–1. It is persuasive that E.D.Va. Rule 29(H)(3) characterizes collateral forfeiture as "tantamount to a finding of guilt." Similarly, this court's local rule impowers the U.S. Magistrate to "certify the record of any such *conviction....*" *Id.* (emphasis added). And again, Rule 29(H)(3) provides, and the appellee concedes in its brief, the driver is assessed "points" by state authorities for the collateral forfeiture "conviction."

As the Supreme Court has recognized, "the terms 'convicted' or 'conviction' do not have the same meaning in every federal statute." *Dickerson,* 460 U.S. at 112 n. 6–7, 103 S.Ct. at 991 n. 6–7. For example, the term conviction applies "to one whose guilty plea has been accepted whether or not a final judgment has been entered" or "to persons against whom a formal judgment has been entered." *Id.* (citation omitted). In finding one had been "convicted" within the meaning of the gun control statute at issue, the *Dickerson* Court summarized the essential factual elements to include: (a) "the charge of a crime," (b) "the plea of guilty to that charge," and (c) sentence or probation. *Id.* at 111, 103 S.Ct. at

990. Here, it is plain that under the collateral forfeiture, the purpose and legal effect is a "conviction." *See Id.* at 112, 103 S.Ct. at 991 ("In some circumstances, we have considered a guilty plea alone enough to constitute a 'conviction' ....").

■ Accordingly, under these circumstances, this court finds that a collateral forfeiture for a misdemeanor offense constitutes a conviction[3] for purposes of the special assessment provision of the Victims of Crime Act of 1984. It is beyond question that the mailing of the collateral is a guilty plea, which is later certified as a conviction pursuant to the Eastern District of Virginia Rule 29(H)(3). It may well be true that there is an "administrative burden" in implementing the Victims of Crime Act of 1984, however, the express intent of the statute requires that the assessment be applied equally to misdemeanor collateral forfeiture and trial convictions.

■ Although, equal application of the special assessment in all misdemeanor cases effectively moots appellant's constitutional challenges, this court feels compelled to undertake a brief analysis of the constitutionality of the current inconsistent implementation of the assessment. Primarily, appellant challenges the inconsistent application of the assessment as an impermissible chilling effect on his constitutional right to allocution.[4] Notwithstanding this court's decision that the right of allocution is not entitled to the protections afforded fundamental constitutional rights (*see generally, Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *United States v. De la Paz,* 698 F.2d 695, 697 (5th Cir.1983)), arguably, there are sufficient grounds alleged which challenge the special assessment as an un-

---

**3.** A conviction has been generally defined as: The final consummation of the prosecution including the judgment or sentence, or as is frequently the case, the judgment or sentence itself. The stage of a criminal proceeding where the issue of guilt is determined.

Black's Law Dictionary 301 (5th ed. 1979) (citation omitted).

**4.** *See* Fed.R.Crim.P. 32(a)(1)(C).

constitutional chilling effect on appellant's right to trial.[5]

■ As the Supreme Court has noted in *United States v. Jackson,* an accused's Sixth Amendment right to a jury trial "cannot be pursued by means that *needlessly chill the exercise of basic constitutional rights.*" 390 U.S. 570, 582, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968). Although, *Jackson* dealt with the kidnapping statute and the death penalty, its reasoning has been applied to lesser offenses. *See, e.g., Ludwig v. Massachusetts,* 427 U.S. 618, 627 n. 4, 96 S.Ct. 2781, 2786 n. 4, 49 L.Ed.2d 732 (1976) (constitutional challenge of "two tier" trial court system for certain crimes, *e.g.,* traffic offenses). The question that remains is "whether that [chilling] effect is unnecessary and therefore excessive." *Jackson,* 390 U.S. at 582, 88 S.Ct. at 1216.[6]

Clearly, the effect is "unnecessary" in that the statute requires the imposition of the assessment on all "convictions," regardless of the alternative of collateral forfeiture. Indeed, the inconsistent application of the special assessment, when joined with the severe potential penalty imposed on a trial appearance of $500 and/or up to six months imprisonment, further compounds the chilling effect on the appellant's exercise of his right to trial. As the court observed in *United States v. Porter,*

> [t]he hearty (or foolish) souls who venture to trial face substantial penalties on the exercise of that right, since they face

penalties so disparate that most reasonable people would have pleaded guilty, without regard to actual guilt.

513 F.Supp. 245, 249 (M.D.Tenn.1981) (fifteen dollar forfeiture versus a trial which carried the possibility of $500 fine and/or incarceration). In addition, it is particularly chilling on the appellant's right to trial in that the violation notice lacks any notice of the assessment should he elect a trial. *See* Exhibit A, A–1. The appellant is put in the position of either paying a $40 forfeiture of collateral fine or appearing for trial and, if convicted, paying the special assessment plus a fine and/or imprisonment. Obviously, the course of least resistance is to post collateral.

Accordingly, this court finds that the inconsistent application of the special assessment needlessly chills the exercise of appellant's basic constitutional right to a trial. *Jackson,* 390 U.S. at 582, 88 S.Ct. at 1216; *see generally, Ludwig,* 427 U.S. at 627 n. 4, 96 S.Ct. at 2786 n. 4 (Court found no constitutional infirmity in "two tier" system when "the same range of penalties [are] available at both tiers.")

Given the unconstitutional application of the special assessment under the Victims of Crime Act of 1984, the court, therefore, feels that the appropriate remedy would be to refund the $25.00 assessment directly to the appellant.

An appropriate Order shall issue.

---

**5.** *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial....").

**6.** This court is cognizant that offering substantial benefits in return for a guilty plea is constitutionally acceptable. *Corbitt v. New Jersey,* 439 U.S. 212, 218–19, 99 S.Ct. 492, 497, 58 L.Ed.2d 466 (1978).

EXHIBIT A

CVB COPY [3]   **VIOLATION NOTICE**   NO. P 937340

FILED IN
UNITED STATES DISTRICT COURT

ORGANIZATION CODE 3960
LOCATION CODE 3002

I CERTIFY THAT THE BELOW DESCRIBED VEHICLE AND/OR PERSON DID VIOLATE APPLICABLE LAWS OR REGULATIONS OF THE UNITED STATES OR ITS AGENCIES.

RANGER OR OFFICER'S SIGNATURE ▶ _AB Bruno_   NO. 51

**VIOLATION CHARGED**

TRAFFIC

PARKING
☐ PARKED OVERTIME _____
☐ PARKED IN RESTRICTED ZONE _____
PLACE AND TIME __S/B Gwmt C Club__
☐ NON-TRAFFIC

MOVING
☒ EXCEEDED SPEED LIMIT BY DRIVING 66 MPH IN 50 MPH ZONE
☐ OTHER

VISIBILITY ☐ DAY ☒ NIGHT ☐ FOG/RAIN/SNOW
TRAFFIC ☐ LIGHT ☐ HEAVY ☐ MEDIUM
SURFACE ☒ DRY ☐ WET ☐ SNOW ☐ ICE

36 CFR 50.1318

L90 H ill NY-CC-5 CC ~100/(CFPP)

IF AN ACCIDENT
PROP. DAMAGE ☐ $25
EXCEEDS ☐ $100
PERSONAL INJURY
ADM. HOSP. _____
NOT ADM. HOSP. _____

ARREST 1 / TVN/CIT 2 [ ]
ADULT 1 / JUVENILE 2 [ ]
RACE _____

DATE OF NOTICE 10/19/74
24 HR TIME 2253
DAY OF WEEK 6

**VIOLATOR MUST DO**
❶ ❷ or ❸

IF THIS BOX IS CHECKED ▶ [A]
YOU MUST APPEAR IN COURT AT ABOVE ADDRESS

ON THIS DATE 12/18/74
AND HOUR 10 AM

OFFENSE CODE

AGAINST OWNER OF THIS VEHICLE    AND/OR THIS    PERSON

Color of Vehicle — Brown   Driver's Permit No. NY 503266917 155394241   Month 6 Day 14 Year   Sex M   Height   Weight

Make of Vehicle BUICK 2 DR   Body Type   Street 155 A. Avon   City CHAPPAQUA, NY 10573   State and Zip

DISPOSITION

| VIOLATION NO. | STATE | TAG NO | LAST NAME | FIRST NAME | INIT. | VIOL | LOC | FINE |
|---|---|---|---|---|---|---|---|---|
| P 937340 | NY | 905ATN | SCHARF | JARED | J | 2 | 002 | $40 00 |

EXHIBIT A-1

(REMOVE TAPE ON REVERSE SIDE TO SEAL ENVELOPE)

# VIOLATION NOTICE

### SEE INSIDE FOR DETAILS OF VIOLATION

**VIOLATOR MUST DO ONE OF THREE THINGS**

❶ If box "A" is checked *you must appear in court* at the time and place indicated.

❷ If box "A" is *not* checked and you wish to appear before a United States Magistrate for a hearing place an X in box "B". Print your name and address in the space provided and mail this envelope within 7 days and you will be notified of the time and place.

❸ If Box "A" has *not* been checked you may authorize the court or its officers to dispose of this violation by mail as follows:

Mail within 7 days in this postage free envelope, your personal check or money order for amount of the fine which the court has set for this offense. Enter the *Violation Number* on your check.

Make check payable to CLERK, U.S. DISTRICT COURT

Do not send cash by mail. If you prefer to pay in person come to the address on this envelope.

This payment will signify that you do not contest this charge nor request a court hearing.

IF YOU FAIL TO RESPOND WITHIN SEVEN DAYS TO THE INSTRUCTIONS ON THE VIOLATION NOTICE, OR FAIL TO COME TO COURT AT A TIME SCHEDULED FOR YOU TO APPEAR, YOU WILL, AT THE DISCRETION OF THE COURT, BE ISSUED A SUMMONS ORDERING YOU TO APPEAR, OR A WARRANT WILL BE ISSUED FOR YOUR ARREST. FURTHERMORE, THE COURT MAY INCREASE YOUR FINE OR IMPOSE ADDITIONAL PENALTIES.

Any fine or penalty assessed is paid directly into the U.S. Treasury.

FOR OFFICIAL COURT BUSINESS

Penalty for Private Use $300

Postage and Fees Paid
Department of
The Interior
Int.-417

CLERK, UNITED STATES DISTRICT COURT

ROOM 102, POST OFFICE BUILDING

200 S. WASHINGTON ST., P.O. BOX 118

ALEXANDRIA, VIRGINIA  22313