## CIRCUIT COURT OF FAIRFAX COUNTY

Town of Vienna

    v.

Richard V. Secord

July 24, 1991

Case No. (Criminal) 63905

By JUDGE JACK B. STEVENS

The Court has had this case under advisement to consider whether the Implied Consent Law, § 18.2-268, Code of Virginia (1950), as amended, providing for revocation of the privilege of operating a motor vehicle for the "unreasonable" refusal to give blood or breath samples is unconstitutionally vague. It does not appear that the specific question has been considered by the Virginia Supreme Court or Court of Appeals. For the reasons that follow, the Court finds that the statute is constitutional and does not violate the "void for vagueness" doctrine.

The pertinent portions of § 18.2-268, Code of Virginia (1950), as amended, in force at the time of the defendant's arrest read as follows:

> E. If a person after being arrested for a violation of § 18.2-266 [Driving motor vehicle . . . while intoxicated] . . . and after having been advised by the arresting officer that a person who operates a motor vehicle . . . shall be deemed thereby . . . to have consented to have samples of his blood or breath taken . . . and that the *unreasonable* refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle upon the highways of this Commonwealth . . . .

P. The form referred to in subsection E shall contain a brief statement of the law requiring the taking of a blood or breath . . . samples and the penalty for refusal . . . If such person refuses or fails to execute such declaration, the committing justice . . . . shall certify such fact and that the . . . justice . . . advised the person arrested that such refusal or failure, if found to be *unreasonable*, constitutes grounds for revocation of such person's license to drive . . . .

S. The declaration of refusal or certificate . . . shall be prima facie evidence that the defendant refused to submit to the taking of a sample of his blood or breath . . . However, this shall not be deemed to prohibit the defendant from introducing on his behalf evidence of the basis for his refusal . . . The court shall determine the *reasonableness* of such refusal. (Emphasis added.)

The United States Supreme Court in *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 2298, 33 L. Ed. 2d 222 (1972), set forth the standards for evaluating vagueness. *Grayned* involved, *inter alia*, a defense to a Rockford, Illinois, anti-noise ordinance prohibiting willfully making noise which disturbs or tends to disturb school sessions based upon the ordinance being vague and overbroad. The Court, in the course of holding the ordinance was not unconstitutionally vague, stated:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide

explicit standards for those who apply them. *A vague law impermissibly delegates basic policy matters to policemen, judges, and juries* for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to " 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." (Emphasis added.)

The Court subsequently, in *Village of Hoffman Est. v. Flipside, Hoffman Est.*, 455 U.S. 489, 498-99, 102 S. Ct. 1186, 1193, 71 L. Ed. 2d 362 (1982), considered an action for injunctive relief against a village ordinance that required a license for selling any items "designed or marketed for use with illegal cannabis or drugs." The Court held the ordinance was not unconstitutionally vague on its face and, after quoting from *Grayned supra*, stated:

> These standards should not, of course, be mechanically applied. The degree of vagueness that the Constitution tolerates-as well as the relative importance of fair notice and fair enforcement-depends in part on the nature of the enactment . . . The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe . . . .

In *A. B. Small Co. v. American Sugar Refining Co.*, 267 U.S. 233, 45 S. Ct. 295 (1925), the Court considered a vagueness defense based on the Lever Act to an action to recover for the breach of two contracts. The Act made it unlawful for any person willfully to "make any unjust or unreasonable . . . charge in . . . dealing in or with any necessaries." In holding that provision of the Act invalid as contravening the due process clause of the

Fifth Amendment because it required conformity to a rule or standard which was so vague and indefinite that no one could know what it was, the Court quoted with approval from *United States v. Cohen Grocery Co.*, 255 U.S. 81, 41 S. Ct. 298 (1921), in part, as follows:

> In fact, we see no reason to doubt the soundness of the observation of the court below, in its opinion, to the effect that, to attempt to enforce the section would be the exact equivalent of an effort to carry out a statute which in terms merely penalized and punished all acts detrimental to the public interest when *unjust and unreasonable in the estimation of the court* or jury . . . . (Emphasis added.)

267 U.S. at 239. The Court in *Small* went on to state that:

> The defendant attempts to distinguish those cases because they were criminal prosecutions.[1] But that is not an adequate distinction. The ground or principle of the decisions was not such as to be applicable only to criminal prosecutions. It was not the criminal penalty that was held invalid but the exaction of obedience to a rule or standard which was so vague and indefinite as really to be no rule or standard at all . . . .

267 U.S. at 239.

In *Deaner v. Commonwealth*, 210 Va. 285 (1969), the Court expressly held that the revocation procedure involved here under the Implied Consent Law is a civil and administrative procedure, not a criminal procedure. In discussing the Implied Consent Law, the Court stated:

---

[1] While the opinion in Smith v. Commonwealth, 3 Va. App. 650, 656 (1987), suggests that the "void for vagueness" doctrine applies only in connection with penal statutes, that suggestion must be considered in context and, in any event, is clearly dicta to the decision.

> In Virginia the consent to take a blood test is given when a person operates a motor vehicle. It is not a qualified consent and it is not a conditional consent, and therefore there can be no qualified refusal or conditional refusal to take the test. .
>
> The fact that under the Virginia statute an accused is afforded an opportunity to establish the reasonableness of his refusal does not operate to dilute the consent previously given, or convert that consent into a qualified or conditional one. The statute does excuse from taking the test one whose refusal is reasonable. An illustration is where a person's health would be endangered by the withdrawal of blood . . . .
>
> Our conclusion is that the blood test prescribed is a part of a civil and administrative proceeding and that Deaner had no right to condition his taking the test upon his ability first to consult with counsel[2] . . . .

*Id.* at 292-93.

In *Thompson v. Smith*, 155 Va. 367 (1930), the Court held an ordinance which authorized the chief of police "to revoke the permit of any driver, who, in his opinion, becomes unfit to drive an automobile on the streets of the city" void because it delegated powers essentially legislative to an administrative officer.

The *Thompson* Court also held, on the other hand, in connection with the *issuance* of a permit, that while the legislature must declare the policy of the law and fix the legal principles which are to control, the power to ascertain the facts and conditions to which the policy and principles apply may be properly left to administrative discretion. As such, the Court held that the actions of the chief of police were essentially ministerial where the ordinance provided that no permit should be issued

---

[2] While Deaner holds that a refusal based upon seeking the advice of counsel, the same reason stated by the Defendant here, is not reasonable, the decision does not address the issue raised here, namely, whether the "void for vagueness" doctrine applies.

unless an examination by the chief showed that the applicant possessed such ability and knowledge as to operate safely an automobile in the judgment of the chief.

The *Thompson* opinion clearly illustrates that a delegation of power to apply the stated policy of the law after an objective finding of facts by a ministerial officer is constitutionally permissible but that delegation without a criteria for application is not. *Ames v. Town of Painter*, 239 Va. 343, 349 (1990).

In the present case, the legislature has indicated what comprises the policy of the law and the legal principles which are to apply, namely, that *all* persons who operate a motor vehicle on the public highways are deemed to have given their consent to the taking of their blood or breath samples if arrested for driving while intoxicated. Those persons who refuse to give such samples after arrest will have their privilege to operate a motor vehicle revoked. The only persons excused from the sanction of revocation are those found by a court, i.e., an administrative or ministerial officer, whose refusal to give such samples are not "unreasonable" under the facts and circumstances existing at the time. Such objective factual determinations by courts are a routine, daily, occurrence. When read in such a manner, the challenged statute is not vague. The statute, of course, must be read in a manner that will uphold its presumption of constitutionality, if possible. *See Board v. Chippenham Hosp.* 219 Va. 65, 71 (1978); *Mumpower v. Housing Authority*, 176 Va. 426, 433,457 (1940); *Carpel v. City of Richmond*, 162 Va. 833, 840-41 (1934).

For the reasons set forth above, the defendant's objections to the application of the statute on the ground of vagueness are overruled, the defendant is found guilty of unreasonable refusal to submit blood or breath samples and his operator's permit is suspended for a period of six months. An Order to that effect will be entered forthwith. The defendant is directed to surrender his Virginia operator's permit to the clerk of the Court forthwith.