## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Ronald J. Hastings

October 21, 1991

Case No. (Criminal) 71033

By JUDGE THOMAS S. KENNY

    Ronald Hastings was arrested on March 12, 1991, and charged with driving while intoxicated, in violation of § 18.2-266 of the Virginia Code. At the time of his arrest, he refused to submit to a blood or breath test to determine the alcoholic content of his blood, despite being advised by the arresting officer and by a magistrate that his unreasonable refusal to do so could result in the suspension of his driver's license for a period of six months. A warrant was thereupon issued charging Mr. Hastings with a violation of § 18.2-268, Virginia's "implied consent" law.

    Mr. Hastings pleaded not guilty to the DWI charge and was subsequently found not guilty of that charge. He now seeks dismissal of the refusal charge on two grounds: first, that the statute violates the Due Process and Equal Protection clauses of the federal constitution, and second, that the statute is unconstitutionally vague.

    Mr. Hastings's first argument is based on subsection T of the implied consent statute, which subsection reads in its entirety as follows:

        T. If the court or jury finds the defendant guilty as charged in the warrant, the court shall suspend the defendant's license for a

period of six months for a first offense and for one year for a second or subsequent offense or refusal within one year of the first or other such refusals. The time shall be computed as follows: the date of the first offense and the date of the second or subsequent offense. *However, if the defendant pleads guilty to a violation of Section 18.2-166, or of a similar ordinance of a county, city or town, the court may dismiss the warrant.*

Code of Va. (1950) § 18.2-268(T) (Supp. 1991) (Emphasis added.)

Hastings contends that the last sentence quoted above unduly pressures a defendant into waiving his constitutional right to plead not guilty to a charge under Section 18.2-266 (*i.e.*, drunk driving), and therefore is unconstitutional under the principles set out by the United States Supreme Court in *United States v. Jackson*, 390 U.S. 570 (1968). In *Jackson*, the court dealt with a federal kidnapping statute which mandated the death penalty if so determined by a jury but made no provision for the death penalty if the defendant waived a jury trial or pleaded guilty. The court struck down the death penalty portion of the statute as having a needlessly chilling effect on a defendant's Sixth Amendment right to a jury trial.

*Jackson* was relied on by the Vermont Supreme Court in *Veilleux v. Springer*, 300 A.2d 620 (Vt. 1973), to strike down a portion of that state's implied consent law which only took effect if the defendant pleaded not guilty to a DWI charge. The Vermont statutory scheme is distinguishable from Virginia's in several key respects: first, one who pleads guilty to DWI in Virginia automatically has his license suspended for a period of at least six months, Va. Code § 18.2-271[1], which was apparently not the case

---

[1] Defendant's counsel points out that under Section 18.2-271.1 a driver whose license has been suspended pursuant to Section 18.2-271 may be issued a restricted license to drive under limited circumstances during the suspension period, but such a restricted license is not available to one suspended under Section 18.2-268. Although the court does not deny that a restricted license is a lot better than no license at all, it should be noted that the issuance of the

in Vermont in 1973. Second, the Vermont statute automatically entitled one pleading guilty to a DWI charge to escape the consequences of refusal to take the blood test, while the Virginia statute leaves it to the discretion of the judge whether or not to dismiss the refusal charge.[2] Both of these differences are significant, and they so weaken the persuasiveness of *Veilleux* that it has no real precedential value for us.

A result similar to *Veilleux* was reached in the case of *Voyles v. Thorneycroft*, 398 F. Supp. 706 (D. Ariz. 1975). But the Arizona implied consent statute was very similar to Vermont's, not to ours, and its DWI statute apparently allowed a drunk driver to retain his driving privileges. *Voyles* is no more valuable to us than *Veilleux*.

Finally, defendant cites Judge Cacheris' opinion in *Scharf v. United States*, 606 F. Supp. 379 (E.D. Va. 1985), to urge us to declare the implied consent statute unconstitutional. There, Judge Cacheris condemned the practice of charging an additional fee to those defendants who appeared in court on traffic tickets but not to those who merely posted collateral and did `not appear. This case is simply not apposite to ours.

Defendant's position that the statute invidiously discriminates against those who plead not guilty does not stand up to logical analysis. The offense of refusal is separate and distinct from the offense of driving while intoxicated and is separately punished. *Deaner v. Commonwealth*, 210 Va. 285 (1969). However, because both offenses result in a license suspension, the legislature has seen fit to afford a trial judge the discretion to avoid imposing a duplicate penalty on the offender. That legislative grace with respect to *duplicate* penalties cannot be read to require, as defendant urges here, that *no* penalty should apply to the offense of refusal. It is not known why the legislature bestowed this grace on those pleading guilty, but a dissenting opinion in *Veilleux* suggests the following:

restricted license is discretionary with the judge.

[2] At least one unpublished opinion of the Virginia Court of Appeals has used this same point to distinguish our statute from the rule of United States v. Jackson, supra.

> The purpose of the statute is to make physical evidence available to the prosecution where a person is suspected of operating a motor vehicle when intoxicated . . . . Although it may become impossible to provide the precise physical evidence, the statutory purpose can as effectively be achieved by a concession that the results would be incriminatory. This is accomplished by a plea of guilty, and is recognized by the statute. In effect, an operator is given a second opportunity to perform his obligation and avoid the penalty of a breach. This hardly seems invidious.

*Veilleux v. Springer*, 300 A.2d at 628 (Barney, J., dissenting).

Defendant urges that by pleading not guilty, he has taken himself out of the class of persons who can avail themselves of this legislative grace, and thus his exercise of a constitutional prerogative deprived him of the "right" to ask for dismissal of the charge of refusal. Not so. He still has the right to ask for dismissal on any other basis, such as a lack of probable cause by the arresting officer, a reasonable basis for his refusal, or a failure by the police to comply with the statutory requirements. It is true that he does not have the additional grounds that one pleading guilty to DWI would also have, but that is because he has not conceded that the results of his blood test would have been incriminatory, nor has he paid the steep price for admission to the class that the guilty-pleader has: the stigma of a drunk-driving conviction, automatic loss of license for six months or more, a step closer to being declared an habitual offender, and the drastic increase in insurance premiums.

In sum, the defendant's equal protection and due process arguments are overruled.

Defendant's second objection to the statute is that it is unconstitutionally vague. Since the statute proscribes only "unreasonable" refusals, without defining what is reasonable, defendant argues that there is no clear guidance given as to what behavior is or is not permitted and that the determination of reasonableness is left to the

discretion of a court or jury after the fact. *See Grayned v. City of Rockford*, 408 U.S. 104 (1972); *Squire v. Pace*, 380 F. Supp. 269 (W.D. Va. 1974).

First of all, it is important to bear in mind that we are dealing with what is essentially a *civil* penalty. *Deaner v. Commonwealth, supra*. As a result, a greater degree of tolerance of imprecise language is permitted here than in cases involving criminal penalties, since "the consequences of imprecision are qualitatively less severe." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982).

No Virginia appellate court has dealt with the specific question of whether the implied consent statute is unconstitutionally vague. In a lengthy opinion on the question, however, Judge Stevens of this court recently found that the statute was not impermissibly vague. *Town of Vienna v. Secord*, Cr. 63905 (Letter Opinion 10/10/91). His conclusion was that the enunciated standard in the statute is that *all* motorists arrested for drunk driving should give a blood or breath sample, but that the statute empowers the court to make an objective factual determination as to whether the refusal was unreasonable under the circumstances existing at the time of the incident. Such after-the-fact factual determinations are a routine, daily occurrence in court proceedings.

I agree with the conclusion of Judge Stevens and overrule defendant's request to declare the statute unconstitutional.

The case shall proceed to trial on October 31 as scheduled.