# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

John Jong Hyun Kim

June 18, 2010

Case No. MI-2010-247

By Judge Robert J. Smith

Defendant John Kim is accused of unreasonably refusing to submit to a breath or blood test in violation of Virginia Code § 18.2-268.3. Kim now moves to dismiss the charge, arguing that the code section is unconstitutionally vague. After considering Kim's arguments and reviewing the applicable legal authority, the Court finds that the statute is not unconstitutionally vague. Accordingly, Kim's motion is denied.

*Background*

On September 26, 2009, Officer S. Radfar stopped Kim's automobile near the George Mason University campus. Radfar, suspecting that Kim was intoxicated, requested Kim submit to a breathalyzer examination. Kim refused the breathalyzer as well as a blood test at the police station. As a result of Kim's refusal, Radfar charged Kim with violating Va. Code § 18.2-268.3, Virginia's implied consent statute.

*Analysis*

Kim asks this court to dismiss the charge of refusal to submit to an intoxication test, pursuant to Virginia Code § 18.2-268.3, because, he argues, the statute is unconstitutionally vague. Specifically, Kim argues

that Va. Code § 18.2-268.3 fails to establish an "immutable standard" of guilt, and the statute provides a court with the power to enforce the statute arbitrarily. While it does not appear that this specific question has been considered by the Virginia Supreme Court or by the Court of Appeals, the Fairfax County Circuit Court held in two 1991 cases that the implied consent statute did not violate the "void for vagueness" doctrine. I agree with the prior decisions, and therefore deny Kim's motion to dismiss.

Virginia Code § 18.2-268.3(A) states:

> It shall be unlawful for a person who is arrested for a violation of § 18.2-266, 18.2-266.1 … to unreasonably refuse to have samples of his blood or breath or both blood and breath taken for chemical tests to determine the alcohol or drug content of his blood as required by § 18.2-268.3 and any person who so unreasonably refuses is guilty of a violation of this section.

Va. Code Ann. § 18.2-268.3(A) (2010).

The charges of operating a vehicle while intoxicated and refusal to submit to a breathalyzer or blood test are independent actions; the former is a criminal proceeding, and the latter is a civil, administrative proceeding. See *Cash v. Commonwealth*, 251 Va. 46, 466 S.E.2d 736 (1996). "The revocation is no part of the punishment fixed by the jury or by the court wherein the offender is tried." *Deaner v. Commonwealth*, 210 Va. 285, 291, 170 S.E.2d 199, 203 (1969). Since this Court is essentially examining a civil penalty, there is a "greater degree of tolerance of imprecise language … permitted here than in cases involving criminal penalties, since 'the consequences of imprecision are qualitatively less severe'." *Commonwealth v. Hastings*, 25 Va. Cir. 339, 343 (Fairfax 1991), *citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982).

The Fairfax Circuit Court, in *Town of Vienna v. Secord* and *Hastings*, ruled that the implied consent statute is not unconstitutionally vague. *Town of Vienna v. Secord*, 25 Va. Cir. 124 (Fairfax 1991); *Hastings*, 25 Va. Cir. 339. I agree with those decisions.

An applicant for a driver's license in Virginia learns that, in exchange for the privilege to drive, a driver arrested for driving while intoxicated must either submit to a breath or blood test or forfeit his or her license, unless the refusal was "reasonable." A driver knowingly and

voluntarily sacrifices one liberty in exchange for another. The Virginia Supreme Court has encapsulated this principle:

> It has been repeatedly held in Virginia and elsewhere that the operation of a motor vehicle on a public highway is not a natural right but a conditional privilege, which may be suspended or revoked under the police power. The operator's license is not a contract or a property right in a constitutional sense. It is a privilege granted to those who are qualified, and it is withheld from those who are not.

*Deaner*, 210 Va. at 289, 170 S.E.2d at 202.

As a final matter, Kim argues that the implied consent statute grants judges an unacceptable degree of latitude in determining what constitutes "unreasonableness." This argument is unfounded. "Such objective factual determinations by courts are a routine, daily occurrence." *Town of Vienna*, 25 Va. Cir. at 129, *accord Hastings*, 25 Va. Cir. at 343.

For the reasons stated above, Kim's motion to dismiss is denied.