22026

J. P. STROM, Chief, State Law Enforcement Division, Appellant, v.
AMVETS, *et al.*, Respondents.

(311 S. E. (2d) 721)

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore*, Columbia, *for appellant*.

*W. Paul Cantrell, Jr.*, Charleston, *for respondents*.

Jan. 11, 1984.

NESS, Justice:

This appeal involves the bingo statute. Appellant asserts the court erred in holding Act # 496, Acts and Joint Resolutions of 1980, now codified as S. C. Code Ann. §§ 52-17-10, *et seq.* (1976 as amended), unconstitutional. Appellant also claims the trial court erred in concluding the unconstitutional portion of the Act was not severable from the remainder of the legislation. We agree and reverse as to severability.

Act # 496, § 2(2), now codified as S. C. Code Ann. § 52-17-20(2) (1976 as amended) states:

> [The game of bingo, - - -, shall not be deemed a lottery when] the recognized annual state or county fair which conducts the game has procured an annual bingo certificate from the Secretary of State. - - - *Provided, that for the purposes of this chapter, all that area of Horry County east of the waterway, except where prohibited by zoning laws or ordinances, is designated as county fair from May fifteenth through September fifteenth of each year. Provided, further, that for the purposes of this chapter, all that area of Charleston County on the Isle of Palms being within the bounds described as follows is designated as a county fair: beginning at a point at the fishing pier running west until it intersects Harbor Oaks Street, then running along Harbor Oaks Street in a southeasterly*

*direction until it intersects Fourteenth Street, then running in a due east direction until it intersects the mean high water mark of the Atlantic Ocean, then running north along the mean high water mark of the Atlantic Ocean to the point of beginning.* (Emphasis added).

Appellant concedes the underlined portion of the above-quoted section is unconstitutional as it (1) constitutes special legislation in violation of Article III, Section 34, Subdivision IX of the South Carolina Constitution; and (2) denies equal protection to bingo operators located outside the geographical areas designated in § 52-17-20(2). He argues, however, that the remainder of this Act, particularly § 3(6), now codified as § 52-17-30(6), is constitutional, and should be given full effect after the unconstitutional provision is severed. We agree.

Although respondents have abandoned their contention as to the unconstitutionality of § 52-17-30(6), we feel this issue merits our consideration.

In *St. John's Melkite Catholic Church v. Commissioner of Revenue,* 240 Ga. 733, 242 S. E. (2d) 108 (1978) the Georgia Supreme Court held a statute which prohibited bingo operators from conducting bingo games on the same premises during any eighteen hour period was a proper exercise of the State's police power. Once § 52-17-20(2) is severed from the remainder of the Act, § 52-17-30(6) performs a similar function. We hold § 52-17-30(6) is a constitutional exercise of the State's police power.

"The principle that a statute may be constitutional and valid in part and unconstitutional and invalid in part is generally recognized." *In re Aiken County Board of Education v. Knotts,* 274 S. C. 144, 150, 262 S. E. (2d) 14, 17 (1980); *State v. Keenan,* 278 S. C. 361, 296 S. E. (2d) 676 (1982). In *Townsend v. Richland County, et al.,* 190 S. C. 270, 280-1, 2 S. E. (2d) 777, 781 (1939) this Court determined:

[W]here a part of the statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such a character as that it may fairly be presumed that the Legislature would have passed it independent of that which is in conflict with the Constitution,

then the Courts will reject that which is void and enforce the remainder.

*See also, Lee v. Clark, et al.,* 224 S. C. 138, 77 S. E. (2d) 485 (1953); *Reith v. S. C. State Housing Authority, et al.,* 267 S. C. 1, 225 S. E. (2d) 847 (1976).

Additionally, in *Gillespie v. Blackwell, et al.,* 164 S. C. 115, 122, 161 S. E. 869, 872 (1931), this Court held:

> Where a part of a statute is constitutional and a part unconstitutional, the former may be sustained in proper cases while the latter falls. Such a result, however, depends upon certain conditions, namely: (1) That the constitutional part of the Act is capable of being severed from the unconstitutional part so that each part may be read and may stand by itself; (2) that the striking out of the unconstitutional part will not destroy the apparent intention of the Legislature in its enactment of the law; and (3) that it is not necessary to insert words or terms to separate the constitutional part from the unconstitutional part and to give effect to the former alone.

*See also Stone v. Traynham,* 278 S. C. 407, 297 S. E. (2d) 420 (1982).

> Considering the remainder of Act # 496, we are satisfied that it meets all the foregoing conditions, and hold that the constitutional part of it shall stand.

Accordingly, we affirm the trial court's finding that § 52-17-20(2) (Act # 496, § 2(2)) is unconstitutional, but reverse its determination that this section is not severable from the remainder of the Act.

Affirmed in part; reversed in part.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.