22040

Buck G. RICKS, Sr., Buck G. Ricks, Jr., T. A. Coats, Fred Bryant and Dixon Walters, Respondents, v. Erick FICKEN, E. A. Thomas, Pete Pearce, Ted Collins, Gordon Beard, Wilson Cain, and Marjorie Stonebrook, Individually and as Mayor and Council of the City of Myrtle Beach and Carey F. Smith, Individually and as City Manager of the City of Myrtle Beach, and Mack Stone, Appellants.

(312 S. E. (2d) 715)

Supreme Court

*E. Windell McCrackin,* of *McCrackin & Barnett,* Myrtle Beach, *for appellants.*

*Jack T. Flom,* of *Marshall, Flom, Haar & Sherrill,* Myrtle Beach, *for respondents.*

Submitted January 11, 1984.

Decided February 7, 1984.

HARWELL, Justice:

The trial court ordered specific performance of a contract between respondent T. A. Coats and appellant City of Myrtle Beach (City). We reverse.

In February of 1981, the City entered into a license agreement with respondent Coats to permit Coats to conduct bingo

games in the Myrtle Beach Convention Center. The City then notified Coats that it would not honor the agreement, and Coats commenced this action for specific performance of the contract.

The matter was referred to a Master in Equity, who recommended judgment in favor of Coats. The circuit judge concurred in the Master's findings and ordered appellant to issue Coats a license to operate bingo pursuant to the contract. The judgment was stayed by this Court pending appeal.

Appellant asserts that the license agreement was entered into pursuant to unconstitutional special legislation. We agree.

Article XVII, § 7 of the South Carolina Constitution prohibits lotteries in this State. However, the Constitution does allow charitable organizations and State and County fairs to conduct bingo games. S. C. Code Ann. § 52-17-20(2) (1976), 1982 Cum. Supp., designates certain portions of Horry County and the Isle of Palms as county fairs. Appellant challenges the constitutionality of this special treatment of Horry County.

Article III, § 34(IX) of the Constitution prohibits special legislation where a general law can be made applicable. We recently held the portion of § 52-17-20(2) relating to the Isle of Palms and Horry County to be unconstitutional as special legislation and as a denial of equal protection of the law. Nevertheless, we held that subsection to be severable from the rest of the statute. *Strom v. AMVETS*, 311 S. E. (2d) 721 (S. C. 1984).

The contract between respondent and the City entered into pursuant to § 52-17-20(2) is therefore repugnant to public policy and void. *Grant v. Butt*, 198 S. C. 298, 17 S. E. (2d) 689 (1941); *Batchelor v. American Health Ins. Co.*, 234 S. C. 103, 107 S. E. (2d) 36 (1959).

It is not necessary to discuss appellant's remaining assertions of error.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.