0934

Roy S. SMITH, W. Clark Miller, Jr., C. Daniel Cannon, Eva L. Holmes, John Brooks and John Kittrell, Respondents v. The GEORGETOWN COUNTY COUNCIL and Alfred B. Schooler, Kenneth W. Thornton, Jr., Philip Gregory Smith, H. Edsel Hemingway and Hughey Walker, in their official capacities as members of the Georgetown County Council, R. L. Port, D. J. Barnhill, Robert Patterson, Frank Swinnie, Jr., Charles Welch, C. R. Knight and Elizabeth Forrester, in their official capacities as members of the Georgetown Planning Commission, Litchfield Company of South Carolina, Inc. and Litchfield-by-the-Sea, a joint venture organized under the Uniform Partnership Laws of South Carolina, Appellants.

(355 S. E. (2d) 864)

Court of Appeals

*Charles T. Smith* of *Moore, Flowers & Doar, Sylvan L. Rosen* and *Jack M. Scoville* of *Rosen, Rosen & Scoville,* and *H. E. Bonnoitt, Jr.,* Georgetown, *for appellants.*

*E. N. Zeigler* of *Zeigler, McEachin and Graham,* Florence, *for respondents.*

Heard Dec. 11, 1986.

Decided April 13, 1987.

*Per Curiam:*

This is an appeal from a circuit court order invalidating an amendment to the Georgetown County zoning ordinance. The Georgetown County Council, upon recommendation of the Georgetown County Planning Commission, approved an amendment rezoning land owned by Litchfield-by-the-Sea as "Planned Unit Development," but made approval of Litchfield's final plan subject to compliance with several conditions. The respondents, property owners in North Litchfield Beach, South Carolina, commenced a class action to set aside the amendment. The circuit judge declared the amendment void and enjoined the County Council and Planning Commission from enacting any further amendment on Litchfield's application until it was perfected. Litchfield, the County Council, and the Planning Commission appeal. We reverse.

Litchfield is the owner of Waccamaw Trace, a one hundred forty-one acre tract in an unincorporated area of Georgetown County. The land was zoned R-10, permitting residential uses and a minimum lot size of ten thousand square feet. Litchfield applied to have the property reclassified as "Planned Unit Development" (PUD) and submitted a "conceptual plan" for its proposed development. On February 2, after notice and two hearings, the Georgetown

County Planning Commission by a four to two vote adopted its staff's recommendation to approve the application subject to compliance with seven conditions. A rezoning amendment was then submitted to the Georgetown County Council. On April 10, upon the third and final reading, the County Council approved the amendment by a vote of four to one, adopting "the standards approved by the Georgetown County Planning Commission and County Council."

A group of North Litchfield Beach property owners instituted this class action against the County Council, the Planning Commission, and Litchfield, seeking a declaratory judgment that the amendment is void. After extensive testimony, the circuit judge held the ordinance was void and ordered Waccamaw Trace returned to the R-10 classification. The judge asserted three reasons for holding the amendment invalid: (1) the County Council made no finding that the change was justified by "public necessity, convenience, general welfare or good zoning practices"; (2) Litchfield's conceptual plan failed to satisfy the requirements set forth in the Georgetown County zoning ordinance; and (3) conditional approval of the amendment was "inimical to the public's interest." The judge's order enjoined the County Council and Planning Commission from enacting any further amendment based on the same application, but granted Litchfield the option to "perfect" its application. The judge stipulated that, if Litchfield brought its application into substantial compliance with the county ordinances, he would consider a motion to lift the injunction and permit the Planning Commission and County Council to proceed with the application. The order enumerated various actions necessary to perfect the application.

The County Council, the Planning Commission, and Litchfield contend the amendment was not invalid and, even if it was, the judge exceeded his authority in the relief he ordered.

## I.

First, the appellants contend the judge erred in holding the County Council was required to make a specific finding the amendment was in the public interest.

The judge based his conclusion on § 1301 of the Georgetown County zoning ordinance, which empowers the County Council to amend the ordinance "[w]hen the public necessity, convenience, general welfare, or good zoning practice justify such action." This language does not require the County Council to make specific findings that an amendment is in the public interest. Nor is any such requirement found in Section 4-9-120, South Carolina Code of Laws, 1976, which establishes the procedure for enacting or amending zoning ordinances. Consequently, the circuit judge erred in creating a requirement where none exists by statute.

## II.

Second, the appellants argue the trial judge erroneously concluded Litchfield's conceptual plan failed to satisfy the requirements of §§ 410.7 and 410.8 of the Georgetown County zoning ordinance, which set forth the information a developer must provide when applying to rezone property for PUD. The judge identified eleven alleged defects in the conceptual plan.

The first four defects involve the failure by Litchfield to provide information on four subjects specifically required by §§ 410.71 and 410.81: drainage, contours, location of flood and marsh prone areas, and density. The judge found Litchfield's plan defective because (1) the drainage plan was incomplete; (2) the contour map was not sufficiently detailed; (3) only a detailed contour map could provide sufficient information of flood prone and marsh areas; and (4) without a contour map showing flood prone and marsh areas, accurate projections of density were impossible. The judge conceded the Planning Commission and the County Council had before it data on all four aspects of the development. His objections were to the form and accuracy of the information.

The Planning Commission and the County Council considered evidence on all four aspects and determined the information sufficient at the conceptual stage of development. That determination should not be upset on appeal unless it is arbitrary, unreasonable, in obvious abuse of discretion, or in excess of lawfully delegated power. *Bob Jones University v. City of Greenville*, 243 S. C.

351, 133 S. E. (2d) 843 (1963). It is not the role of the courts to substitute their judgment for that of local legislative bodies, which are better qualified to act upon local zoning matters. *Talbot v. Myrtle Beach Board of Adjustment*, 222 S. C. 165, 72 S. E. (2d) 66 (1952). When the application to rezone Waccamaw Trace for a PUD was considered by the Planning Commission and County Council, the development was still in its conceptual phase. The only legal effect of the amendment was to change the zoning classification on the county map. Under § 410.84 of the zoning ordinance, the County Council must approve final plans before Litchfield can obtain any permits. If errors in the conceptual plan necessitate major alterations in the final plans, including any change in density or location of land devoted to a specific use, section 410.42 requires that those changes be treated as another amendment to the ordinance and subjected to additional public hearings and approval.

The judge's remaining seven objections to the conceptual plan all involved Litchfield's failure to take actions not specifically required by the zoning ordinance.

The amendment passed by the County Council incorporated several recommendations made by the Planning Commission, including modifications in traffic patterns, submission of Homeowner's Association Articles guaranteeing maintenance of common areas, approval of water and sewer extensions by the Georgetown County Water and Sewer District, written approval of the United States Army Corps of Engineers and the South Carolina Coastal Council for "applicable activities," and development of a compromise with the Planning Commission staff concerning transition from single family to multi-family dwellings. The judge concluded Litchfield should have complied with these added requirements before the County Council approved the amendment.

As the appellants point out, these five requirements are not set forth in the zoning ordinance, but were imposed by the County Council pursuant to the Planning Commission's recommendations. The County Council did not require compliance with these conditions prior to approval of the amendment, but only before approval of Litchfield's final plan. When the County Council imposed

these conditions, they became a part of the conceptual plan. Thus, under § 410.42, any major deviation from the terms of these conditions would require additional public hearings and approval of a new amendment. We conclude, therefore, Litchfield's failure to comply with these conditions did not violate the zoning ordinance.

Finally, the judge found Litchfield failed to satisfy two requirements imposed neither by the ordinance nor by the County Council.

First, he held Litchfield should have submitted an environmental impact statement on the excavation of a lake in the development. Section 410.82 provides: "In addition to the above, the Planning Commission may require any additional information deemed necessary." This language vests the Planning Commission with discretion to determine what additional information is needed to determine the propriety of changing a particular tract's classification. The courts should not attempt to second guess the Planning Commission in such matters, but should uphold its decisions unless there is a clear abuse of discretion. *Talbot v. Myrtle Beach Board of Adjustment, supra.* We find no abuse here.

Second, the judge concluded the Planning Commission and County Council should have required Litchfield to submit a plat representing the conceptual plan "in final form" prior to approval. No such requirement is imposed by the ordinance, and we see no reason to engraft one. The plat submitted by Litchfield could not have been "in final form" because of the modifications made during the hearings and deliberations. Those changes are now a part of the approved conceptual plan despite the fact they are not actually shown on any plat.

Since the requirements of the zoning amendment were satisfied, we hold Litchfield's conceptual plan was not legally defective.

### III.

Finally, the judge held that because approval of the amendment was conditioned upon compliance with the Planning Commission's recommendations and because Litchfield's conceptual plan did not comply with the

requirements of the zoning ordinance, the amendment was necessarily "inimical to the public's interest." As we have already found, Litchfield's plan did satisfy the requirements in the ordinance. The conditions imposed by the County Council do not render the amendment contrary to the public interest. Those conditions were added by the Planning Commission staff prior to the public hearings before the Planning Commission and the County Council. Residents had ample opportunity for comment before those conditions were incorporated in the approved plan. If Litchfield's final plan fails to satisfy those conditions, no permits will be issued without approval of a new amendment.

For these reasons, it was error for the judge to hold the amendment invalid.

The order of the circuit court is

Reversed.