23007

Armond A. TURNER, Mary Lou Caudell, Dewey E. Daniels, L. Frances Daniels, Robert L. Kunkel, R. N. Robertson, Charles Bass, by C. T. Bass, his parent and Guardian, Brittany Brazell, by Vera Brazell, her parent and Guardian, Brandon Burnside, by Pixie Burnside, his parent and Guardian, Theresa Shealy, by Kathy Fine, her parent and Guardian, Pauline Blizzard, by Patricia Blizzard, her parent and Guardian, Melissa Pierce, by Vickie Lilly, her parent and Guardian, Stephen Chovanec, by Michele Chovanec, his parent and Guardian, Jennifer Miller and Ashley Miller, by M. Wayne Miller and Cherisse Miller, their parents and Guardians, Elizabeth Reed, by Peter D. Reed and Anne Reed, her parents and Guardians, Appellants v. James R. BARBER, III, Leone S. Castles, James C. Farley, Lillie E. Herndon, John D. Monroe, and W. R. Rogers, as members of the Richland County Council, and Thomas E. Boney, Robert D. Coble, Raymond E. McKay, Jr., Billy E. Taylor, Candy Y. Waites, as members of the Richland County Council, and Richland County, and Universal Associates, a South Carolina Limited Partnership, consisting of McGee, Reaves, Loving and Player, Inc., as General Partner, and numerous persons as Investor Limited Partners, Respondents.

(380 S. E. (2d) 811)

Supreme Court

*Ronald M. Childress*, Columbia, *for appellants.*

*J. Lewis Cromer*, Columbia, *for respondent, Universal Associates.*

*C. Dennis Aughtry* and *P. Lawrence Hoffman, Richland County Attorney's Office*, Columbia, *for all other respondents.*

Heard Feb. 20, 1989.

Decided April 24, 1989.

CHANDLER, Justice:

Armond Turner, et al. (Homeowners), appeal a Circuit Court Order which upheld a rezoning ordinance of the Richland County Council (Council). We reverse.

## FACTS

In April, 1986, Respondent Universal Associates (Universal) sought to rezone a 100 acre tract of land as a Planned Unit Development (PUD).[1] The tract, located at the intersection of Caughman and Leitner Roads, is adjacent to the Caughman Road School.

Richland County Code of Ordinances, §§ 6-10.16 and 6-11.13 require that each PUD application contain a General Development Plan (Plan), consisting of (1) a generalized drawing and (2) a descriptive statement setting forth certain information.[2] Section 6-10.15 requires each request for PUD rezoning be approved by Richland County Planning Commission prior to its submission to Richland County Council.

On April 9, 1986, Universal submitted its Plan but failed to include the descriptive statement. On May, 5, 1986, the Commission, notwithstanding absence of the statement,[3] recommended approval of the Plan to Council.

Thereafter, a descriptive statement was submitted to Council by Universal.[4] Council conducted public hearings, then gave first and second reading approval to the PUD Plan. Third reading, however, was deferred when Home-

---

[1] "The intent of *planned unit development* districts is to derive the benefits of efficiency, economy, and flexibility by encouraging unified development of large sites, while also obtaining the advantages of creative site design, improved appearance, compatibility of uses, optimum service by community facilities, and better functioning of vehicular access and circulation." [Emphasis supplied.] Richland County Code of Ordinances, Appendix A, § 6-10.1.

[2] Richland County Code of Ordinances, Appendix A, §§ 6-10.16 and 6-11.13, as amended, effective April 1, 1986.

[3] Universal contends the Plan, when considered by the Commission, contained the descriptive statement. The record does not support this contention. The minutes from Commission's May 5 meeting state that the descriptive statement *was being* submitted, clearly indicating its absence.

[4] The record does not indicate the precise date of submission. However, it appears to have been sometime prior to Council's first meeting for consideration of the proposed PUD.

owners challenged the sufficiency of the statement, claiming it lacked information required by the Ordinance.

Finally, on December 2, 1986, Council gave third reading to the Plan.

On appeal, Circuit Court affirmed.

## ISSUE

Although a number of issues are presented, we address only whether enactment of the PUD Plan was in compliance with the zoning ordinance.

## DISCUSSION

As indicated earlier, the zoning ordinance requires that all PUD applications contain (1) a generalized drawing and (2) a descriptive statement. The descriptive statement calls for detailed information upon which both Commission and Council may assess the compatibility of the proposed PUD with surrounding communities.[5] Here, the application, when reviewed and acted upon by Commission, contained no descriptive statement. Accordingly, Commission's recommendation of approval was fatally flawed.

---

[5] The ordinance requires that the descriptive statement set forth the following information:

    a. A statement of the major planning assumptions and objectives of the proposed development;

    b. A statement of the range of percentages of the total land area intended to be devoted to residential uses, commercial uses, industrial uses, open space uses, social and community uses, and major streets and roads;

    c. A statement of the intended overall maximum density of population of the development, expressed in terms of the average number of dwelling units per acre within the Planned Development District;

    d. A legal description of the proposed development boundaries;

    e. Total number of acres in the development area;

    f. Tentative number of units of various types;

    g. Description of open space and community facilities and adequacy thereof to serve anticipated demand;

    h. An outline indicating the approximate timing of development phasing;

    i. A detailed description of the proposed procedures of any homeowners association or other group maintenance or group ownership features which may be included; and

    j. Design standards, administrative procedures, and other such information or descriptions as may be deemed reasonably appropriate for *Planning Commission* review. [Emphasis supplied.]

Contrary to Universal's contention, this non-compliance with the ordinance cannot be equated with the technical defect in *Smith v. Georgetown County Council*.[6] In *Smith*, the developer submitted a PUD Plan which failed to provide certain information specifically required by the ordinance. However, in upholding the re-zoning ordinance, the Court of Appeals noted that *both* the Planning Commission and County Council had before them all essential information required.

Unlike *Smith*, the Planning Commission here did not have before it all essential information. Accordingly, its recommendation of the application's approval was not in compliance with the ordinance.

Reversed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.

[6] 292 S. C. 235, 355 S. E. (2d) 864 (Ct. App. 1987).