23487

Perry Jones SHUMPERT, Respondent-Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant-Respondent.

(409 S.E. (2d) 771)

Supreme Court

*Asst. Chief Counsel William L. Todd*, of *South Carolina Dept. of Highways and Public Transp.*, Columbia, *for appellant-respondent.*

*William Y. Rast*, West Columbia, *for respondent-appellant.*

Heard June 11, 1991.

Decided Oct. 7, 1991.

HARWELL, Justice:

This case involves the constitutionality of our Implied Consent Statute, S.C. Code Ann. § 56-5-2950 (1991). The question presented is whether the last sentence of Section 56-5-2950(d) is unconstitutional because it imposes a penalty upon persons who exercise their right to a jury trial that is not imposed upon persons who plead guilty or nolo contendere, or forfeit bond, within thirty days. The trial judge found that this sentence was unconstitutional, and should be severed from the statute. We affirm.

## FACTS

On August 2, 1989, respondent-appellant Perry Jones Shumpert was arrested for driving under the influence, first offense. Shumpert submitted to a breathalyzer test, which registered less than .10 of one percent. However, the police officer believed that Shumpert was under the influence of drugs other than alcohol, so he transported Shumpert to the hospital for a urine test. Shumpert refused to provide a urine sample. Appellant-respondent South Carolina Department of Highways and Public Transportation (Department) suspended Shumpert's driver's license for ninety days pursuant to Section 56-5-2950(d), for refusing to provide a urine sample.

Shumpert challenged the suspension of his driver's license at an administrative hearing, but the suspension was sustained. Shumpert then appealed to the circuit court on the grounds that the last sentence of Section 56-5-2950(d)[1] was unconstitutional and that the arresting officer lacked reasonable grounds to believe that Shumpert was under the influence of drugs other than alcohol.[2] The trial judge found that the arresting officer had reasonable grounds to believe that Shumpert was under the influence of drugs other than alcohol. The trial judge also found that the last sentence of Section 56-5-2950(d) was unconstitutional, but held that this sentence of the statute was severable and, once discarded, left intact the requirement that Shumpert's driver's license be suspended. The Department appeals the trial judge's finding that the final sentence of Section 56-5-2950(d) is unconstitutional and Shumpert appeals the trial judge's finding that this sentence is severable from the rest of the statute.

## II. DISCUSSION

Section 56-5-2950(a) of South Carolina's Implied Consent Statute provides that:

> Any person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs if arrested for any offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs, or a combination of them.

The statute also provides that if a person under arrest refuses to submit to chemical tests, that person's license will be suspended for a period of ninety days. Section 56-5-2950(d). The final sentence of subsection (d) provides that:

> If a person who refuses, upon the request of a law enforcement officer, to submit to chemical tests as provided in subsection (a) of this section, pleads guilty or nolo contendere to, or forfeits bond for a first offense violation of

---

[1] The last sentence of Section 56-5-2950(d) provides that a person arrested for a first offense DUI can avoid the ninety day suspension if he pleads guilty or nolo contendere, or forfeits bond, within thirty days of arrest.

[2] Prior to the circuit court hearing, Shumpert was tried and acquitted of the DUI charge.

§ 56-5-2930, within thirty days of arrest, the period of the suspension of driving privileges under this section must be canceled and any suspension of driving privileges under § 56-5-2990 for a first conviction may not exceed six months.

Thus, the last sentence of § 56-5-2950(d) allows a person arrested for a first offense DUI to have the ninety day suspension cancelled if the person pleads guilty or nolo contendere, or forfeits bond, within thirty days of arrest. However, if the person exercises his right to a jury trial or if the person does not plead guilty or nolo contendere, or forfeit bond, within thirty days, his license will be suspended for ninety days.[3]

The trial judge determined that the last sentence of subsection (d) was unconstitutional because it imposed a greater sanction upon a person choosing to exercise his constitutional right to a jury trial. Consequently, the trial judge severed this sentence from the statute, leaving the rest of the statute intact. However, the trial judge upheld the suspension of Shumpert's driver's license under the remaining portion of subsection (d), which mandates that any person who refuses to submit to chemical tests will have his driver's license suspended for ninety days.

The Department contends that the last sentence of Section 56-5-2950(d) represents a valid exercise of the State's police power to regulate driver's licenses. Clearly, the State has the authority, under its police power, to impose reasonable regulations upon the conduct of drivers. However, the State cannot exercise this power by means which needlessly chill the exercise of basic constitutional rights. By conditioning the cancellation of the ninety day suspension upon the entry of a plea of guilty or nolo contendere, or the forfeiture of bond, within thirty days, this statute is brought within the constitutionally impermissible ambit of *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed. (2d) 138 (1968), and *State v. Harper*, 251 S.C. 379, 162 S.E. (2d) 712 (1968).

---

[3] Thus, a person who exercises his right to a jury trial and is convicted, or a person who pleads guilty or nolo contendere, or forfeits bond, after thirty days, will suffer two consecutive suspensions; he will have his license suspended for ninety days for refusing to submit to the chemical test, and then he will have his license suspended for six months for the first offense DUI.

The decision in *Jackson* involved the death penalty provision of the Federal Kidnapping Act. The provision stated that kidnapping was punishable by death if the jury recommended it, but set forth no procedure for imposing the death penalty upon a defendant who waived the right to a jury trial or who pled guilty. In deciding whether such a provision was constitutional, the Court stated: "Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury." 390 U.S. at 581, 88 S. Ct. at 1216, 20 L. Ed. (2d) at 147. The Court held that the provision was unconstitutional, noting that "the inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial. *Id. In Harper,* this Court followed *Jackson* and held that our sentencing statute for the crime of murder was unconstitutional because it provided that the death penalty could be imposed upon a defendant who exercised his right to a jury trial, but could not be imposed upon a defendant who pled guilty.

We find that the inevitable effect of the last sentence of Section 56-5-2950(d) is to needlessly chill the exercise of an accused's Fifth Amendment right not to plead guilty and his Sixth Amendment right to a jury trial. *See also Veilleux v. Springer,* 131 Vt. 33, 300 A. (2d) 620 (1973) (statute that imposed a six month suspension only upon persons who refused chemical test and did not plead guilty was unconstitutional); *Voyles v. Thorneycroft,* 398 F. Supp. 706 (D. Ariz. 1975) (statute that allowed a person to avoid the suspension of his driver's license only if he pled guilty and did not appeal was unconstitutional). The evil in such a statute "is not that it necessarily coerces guilty pleas and jury waivers but simply that it needlessly encourages them. A procedure need not be inherently coercive in order that it be held to impose an impermissible burden upon the assertion of a constitutional right." *Jackson,* 390 U.S. at 583, 88 S. Ct. at 1217, 20 L. Ed. (2d) at 148.

Having concluded that the last sentence of Section 56-5-2950(d) is unconstitutional, we must now determine whether this sentence is severable from the rest of the statute. It is generally recognized that a statute may be constitutional and valid in part and unconstitutional and invalid in

part. *Strom v. Amvets*, 280 S.C. 146, 311 S.E. (2d) 721 (1984). Furthermore, as we noted in *Harper, supra:*

> Where a part of the statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such a character as that it may fairly be presumed that the Legislature would have passed it independent of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder.

251 S.C. at 384, 162 S.E. (2d) at 714.

Section 56-5-2950(d) originally provided that any person who refused to submit to a chemical test would have his license suspended for ninety days. In 1987, the statute was amended and the last sentence of Section 56-5-2950(d) was added to the statute. This sentence creates a limited exception to the automatic ninety day suspension; it allows a person charged with a first offense DUI to avoid the ninety day suspension if he pleads guilty or nolo contendere, or forfeits bond, within thirty days. Striking the last sentence of Section 56-5-2950(d) would eliminate this limited exception and would, in effect, return the statute to its original form. Since the legislature originally passed this statute without the last sentence of Section 56-5-2950(d), it is clear that the statute can be executed independent of this sentence. Consequently, we conclude that the last sentence of Section 56-5-2950(d) is severable from the statute.

Finally, the Department claims that Shumpert does not have standing to contest the validity of the statute because he exercised his right to a jury trial and, therefore, was not unconstitutionally coerced into pleading guilty. However, this contention is without merit; a defendant who pleads guilty cannot preserve constitutional issues. *State v. O'Leary*, 302 S.C. 17, 393 S.E. (2d) 186 (1990). Thus, in order to attack the constitutionality of the statute, Shumpert was obligated to exercise his right to a jury trial.

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.