## 2104

John D. PETERSEN, Ronald Gantt, Harry Heilemann, Robert N. Newton, Edith H. Smoak, Richard A. Spray, and Ada Louise Steirer, Individually and as the duly Constituted Board of Directors of Neighborhood Preservation Association, Inc., and Vincent D.R. Guide, Geraldine Y. Guide, Gregory M. Bauld, Denise W. Bauld, Carol D. Petersen, William F. Steirer, Jr., Jo Etta Gantt, Rebecca S. Spray, Harry H. Smoak, John D. Henley, Doris D. Henley, Leroy M. Hansen, Linda L. Hansen, Michael A. Thompson, Young J. Han, Ingee Y. Han, Richard O. Hegg, Betsey C. Hegg, William H. Allen, Robert E. Williamson, Eva S. Williamson, Curtis L. Weller, Michael F. McLeod, Dorothy King, Albert King, Willie Greenlee, Elinor R. Baron, Breta Donovan Bost, John N. Gowdy, Linda L. Gowdy, Floyd Jones, Jeanene B. Jones, Joni Kellough Grady, C.P. Leslie Grady, Jr., Arthur P. Young, Harold C. Grossman, Jacqueline L. Grossman, James M. Colacino and Sandra S. Colacino, Individually, Appellants v. The CITY OF CLEMSON and Larry W. Abernathy, in his capacity as Mayor of the City of Clemson, Ensley Feemster, Gordon Gray, I. Leonard Keller, Stephen A. Sefick, Joseph Piekutowski and John Butler, in their capacity as the Duly Elected Council or Governing Body of the City of Clemson; and Joseph D. Kinsler and Sara Kinsler Colvin, Intervenors, Respondents.

(439 S.E. (2d) 317)

Court of Appeals

---

*Lindsey O. Graham*, of *Brandt, Fedder, Graham & Cain;* and *Alexander S. Macaulay, Miley & Macauley*, Walhalla, *for appellants.*

*Leo Hill*, Greenville; *Roy D. Bates*, Columbia; and *N. Gruber Sires, Jr.*, Seneca, *for respondents.*

Heard Nov. 3, 1993.

Decided Dec. 13, 1993.

Reh. Den. Jan. 19, 1994.

CURETON, Judge:

John E. Petersen and others (collectively referred to as "Petersen") brought an action against the City of Clemson and others (collectively referred to as "the City") seeking a declaratory judgment that the City of Clemson's zoning ordinance adopted March 4, 1991 is invalid, and that the rezoning of a thirty-five acre tract of land adjacent to their properties (the Kinsler property) from residential to Planned Development Mixed-Use (PD) is invalid. Petersen alleged the City rezoned the Kinsler property in an arbitrary and capricious manner without proper notice and without a public hearing. The circuit court referred the matter to a special referee with finality and direct appeal to the Supreme Court. The special referee denied relief to Petersen, and he appeals. We affirm.

With respect to judicial review of zoning ordinances, we first note that there is a strong presumption in favor of validity of municipal zoning ordinances and validity of their application. *Bob Jones University v. City of Greenville*, 243 S.C. 351, 133 S.E (2d) 843 (1963). The burden of proving the invalidity of a zoning ordinance is on the party attacking it to show through clear and convincing evidence the arbitrary and capricious nature of the ordinance. *Town of Scranton v. Willoughby*, 306 S.C. 421, 412 S.E. (2d) 424 (1992). The action of a municipality regarding the rezoning of property will not be overturned by a court as long as the decision is "fairly debatable." *Rushing v. City of Greenville*, 265 S.C. 285, 217 S.E. (2d) 797 (1975).

In 1990, the City began a comprehensive review and recodification of its zoning ordinance. On January 14, 1991, the City Planning Commission recommended to City Council proposed amendments to the 1984 Zoning Ordinance, classifying all real property within the City according to specific land uses. The following day, City Council set a public hearing for February 14, 1991. Newspaper notices of this public hearing were published on January 16th and 30th of 1991.

On January 28, 1991, before the hearing was held, Robert Small, d/b/a AVTEX-Beach Properties (AVTEX), submitted an application to City Council requesting that the Kinsler property be rezoned from residential to commercial use. This application was subsequently withdrawn pending the revision of the 1984 Zoning Ordinance which was under consideration.

On February 14, 1991, a public hearing was held on the zoning ordinance amendment by members of the Planning Commission and City Council. After City Council adopted the proposed Amendments on March 4, 1991, the Planning Commission began consideration of AVTEX's application to rezone the Kinsler property "Planned Development—Mixed-Use" in anticipation of developing a shopping center and office development on the land. The Kinsler property, which was zoned two-family and single-family residential under the 1984 ordinance, maintained this same zoning classification under the March 1991 amendments.

A public hearing on AVTEX's rezoning request was then set. AVTEX submitted documents in support of its request, and the property owners submitted a petition in opposition to the rezoning request. After public hearings and reviews of AVTEX's materials, the Planning Commission recommended denial of AVTEX's rezoning request. On June 3, 1991 City Council, however, voted six to one to approve the rezoning.

Petersen brought this action attacking the validity of the 1991 zoning amendments and rezoning ordinance contending (1) there was an unlawful delegation of legislative power in the rezoning ordinance adopted June 3, 1991; (2) notice, hearing and reporting requirements were not met for the February 14, 1991 public hearing conducted by the Planning Commission; (3) the terms of the 1989 Land Use Plan for the City were violated by the complete commercialization of the Kinsler property; and (4) section 413 of the 1991 zoning

amendment providing for planned-development mixed-use districts was fatally defective and applied arbitrarily and capriciously in this case. We reject each of these contentions.

## I.

Petersen asserts City Council's motion to adopt the Planned Development—Mixed Use (PD) Rezoning Amendment contains a valid restriction on the initiation of rezoning requests which is not severable, thereby making the entire Amendment invalid. The contested provision states that "City Council hereby goes on record that the City of Clemson will not initiate the rezoning of residential parcels" adjacent to the 35-acre parcel. This, Petersen argues, was an improper delegation of legislative authority by the City Council. We disagree.

The provision at issue is not one of the eight conditions listed by City Council as prerequisites to approval of the AVTEX rezoning request for the 35-acre tract. It was simply an expression of the position of City Council at the time of adoption of the motion. It in no way delegates to another person or body the authority to perform a legislative act. *See* 56 Am. Jur. (2d) *Municipal Corporations, etc.* § 153 (1971).

Furthermore, the provision relates only to the surrounding property which was not before City Council for rezoning. It in no way deals with the 35-acre tract. The other provisions of the amendment stand complete without the challenged provision and may be implemented independently of the challenged provision. Thus, this provision is clearly severable. As noted in *Shumpert v. S.C. Dep't of Highways & Public Transp.*, 306 S.C. 64, 409 S.E. (2d) 771 (1991):

> Where a part of the statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such a character as that it may fairly be presumed that the Legislature would have passed it independent of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder.

*Id.* at 774 (citing *State v. Harper*, 251 S.C. 379, 384, 162 S.E. (2d) 712, 714 (1968)).

## II.

Pointing to alleged procedural irregularities, Petersen next contends that the notice, hearing and reporting requirements were not met for the public hearing conducted on February 14, 1991 on the zoning ordinance amendments. We disagree.

First, Petersen claims the February 14, 1991 hearing was not duly advertised as required by S.C. Code Ann. § 5-23-40 (Law. Co-op. 1977). However, counsel conceded during oral argument that Title 5 is not applicable to this case. Instead, the 1984 Zoning Ordinance was implemented under Title 6, Chapter 7 of the Code, as specifically stated in § 103 of the 1984 Zoning Ordinance, and, therefore, Title 6 governs this case. Code Section 6-7-730 provides with reference to notice as follows: ". . . [A]t least fifteen days' notice of the time and place of such public hearing shall be given in a newspaper of general circulation in the municipality or county." Furthermore, the 1991 amendments were adopted pursuant to the procedural requirements of the 1984 ordinance. Section 1005 of the 1984 ordinance provides for one newspaper notice of proposed amendments at least fifteen (15) days' prior to the hearing.

It is undisputed that newspaper notice of the hearing scheduled for February 14, 1991 was published on January 16, 1991, and again on January 30, 1991. Thus, the fifteen (15) days notice requirement was met.

Second, Petersen argues that City Council was required to hold the February 14, 1991 public hearing, and that a quorum of Council was required to be present. However, S.C. Code Ann. § 6-7-730 (Law. Co-op. 1977) provides:

> When the required public hearing is held by the planning commission, no public hearing by the governing authority shall be required before amending the zoning ordinance or resolution or maps.

City Council unanimously voted to set the hearing for the date and time recommended by the Planning Commission, and the public notice of the meeting described it as "a joint Clemson City Council/Planning Commission Public Hearing." The Planning Commission minutes show that the hearing was conducted by the Planning Commission with three members of

City Council in attendance. One City Council member arrived late, making four members, a majority, present.

Thus, there is ample evidence to support the finding of the special referee that City Council met the requirement that a public hearing be held by setting the date and time for that hearing before the Planning Commission.

Lastly, Petersen charges noncompliance in the Planning Commission's failure to issue a written report evaluating the rezoning request. He complains the oral report made by the Zoning Administrator on May 20, 1991 to City Council, and the furnishing of a copy of the minutes of the May 13, 1991 Planning Commission meeting to Council do not meet the requirements of 1991 Zoning Ordinance § 1003. This section provides:

> The Planning Commission shall prepare a report and make recommendations on a proposed change stating its findings and its evaluation of the request. In making its report, the Planning Commission shall consider the following six factors: [Six factors are listed].

Although no written report was prepared, the minutes contained extensive consideration of these factors. The minutes were given to City Council with an oral report on the recommendation that the rezoning request be denied. Testimony established that this was the customary way Planning Commission reports were made to Council. We agree with the special referee that this long-standing practice was sufficient compliance with § 1003.

### III.

Petersen next argues that the referee erred in failing to find the terms of the 1989 Land Use Plan for the City was violated by the complete commercialization of the Kinsler property. In this regard, Petersen alleges that § 413 of the 1991 zoning ordinance was applied in such a manner as to circumvent the conventional zoning classifications. We disagree.

In this action at law, tried without a jury, the trial court's findings of fact will not be disturbed on appeal if there is any evidence to support them. *See Bishop v. Hightower*, 292 S.C. 358, 356 S.E. (2d) 420 (Ct. App. 1987) (ap-

peal to the Supreme Court from zoning decisions is in the same manner as appeals from other circuit court judgments in law cases).

The City adopted a Land Use Plan in 1989 pursuant to S.C. Code Ann. § 6-7-510 *et seq.* (1976), which provides, in pertinent part:

> Due to the planned widening of S.C. Highway 93 and the character of the surrounding areas, this area is recommended for a mixed use planned development. The portion fronting on S.C. Highway 93 is recommended for commercial development. . . . The remaining portion of this transition area should be slated for residential development which does not exceed the current density limitations of the RM-1 zoning district. The planned development would allow for flexibility in the location of structures and possibly make better use of the property's physical features. Again, to ensure that this proposed development is compatible with the surrounding area, design control should be addressed which includes access, parking area, location and design, buffering and open space.

This Land Use Plan was prepared by the Planning Commission which has no power to zone property. The plan does not establish the zoning for the property nor does it mandate the mixing of commercial and residential uses.[1] It merely provides a general direction for considering future rezoning, which is a legislative process. *See Hampton v. Richland County*, 292 S.C. 500, 357 S.E. (2d) 463 (Ct. App. 1987) (an ordinance rezoning a particular piece of property, like an ordinance adopting a comprehensive zoning plan, is legislative, and as such, presumptively valid because it is not the court's prerogative to pass upon the wisdom of the municipality's decision).

Furthermore, the plan expressly recognizes the need for flexibility in the development of the property through a planned development. The plan also characterizes the 35-acre tract as transitional in nature and suggests that portions of the property should not be used for purposes which exceed

---

[1] Section 413 of the 1991 zoning ordinance provides that the Planned Development district *may* include a mix of residential, commercial, or institutional activities.

the current density limitation of the RM-1 zoning district. The Zoning Administrator and City Planner, who was qualified as an expert, testified the PD zoning of the property was in conformity with the comprehensive land use plan, and that the final site plan met all conditions of the ordinance adopted by City Council. He further testified the planned development zoning gave the City more control over the development of the 35-acre parcel than it would. have had under the CP-2 (commercial) zoning initially applied for.

The testimony of Mayor Abernathy that council was aware of the changing conditions along Highway 93 and the 1989 land use plan when the rezoning was considered and adopted also supports the finding that the rezoning was done in compliance with the land use plan. There is evidence to support the referee's conclusions that the zoning ordinance, as presently enacted, does not create a means to evade the traditional zoning classifications, and that the rezoning was in compliance with the land use plan. Thus, we hold the findings of the special referee must be allowed to stand.

### IV.

Finally, Petersen argues that § 413 of the 1991 zoning ordinance for PD districts is invalid because it lacks objective criteria on its face, and its application in this case was arbitrary and capricious. We disagree.

The rezoning of a parcel of land to PD is a two-step legislative process. *See Smith v. Georgetown County Council,* 292 S.C. 235, 355 S.E. (2d) 864 (Ct. App. 1987). The first step is to adopt ordinance provisions which permit a PD district and outline the nature of the district and the types of permitted uses. The second step is the rezoning of a particular parcel of land with a specific list of permitted uses allowed pursuant to specific development plans meeting the development standards in the district regulations. Such planned unit development zoning has been recognized in this state. *Id.*

Relying on *Schloss Poster Advertising Co. v. City of Rock Hill,* 190 S.C. 92, 2 S.E. (2d) 392 (1939), Petersen contends that no regulations were ever adopted as required by § 413 to provide any reasonable safeguards to the mixing of uses and that § 413 lacks standards proscribing arbitrary and capricious application by City Council. In *Schloss,* the ordinance in

question was totally void of any standards or conditions, making arbitrary discrimination and abuses by the City possible. The court, in fact, declared the ordinance before it was in no sense a zoning ordinance because it did not prescribe regulations, but instead committed zoning decisions to the unrestrained will of the City authorities for any reason deemed satisfactory to them.

To the contrary, the plan approved by the City Council in the rezoning ordinance on June 3, 1991 contains specific regulations applicable to the 35-acre parcel, and meet the specific requirements of § 413. The standards contained in § 413 are quite specific as to minimum projected area, maximum density, lot size, yards, setbacks, parking, streets, access, frontage, open space, and buffer-yards.

Furthermore, in *Smith*, this court cautioned, "[i]t is not the role of the courts to substitute their judgment for that of local legislative bodies, which are better qualified to act upon local zoning matters." *Id.* 355 S.E. (2d) at 866. The record in this case contains such evidence as to preclude our finding that Clemson's zoning ordinances are arbitrary and capricious. We hold that the actions of Clemson City Council are "fairly debatable."

Accordingly, the order of the special referee is

Affirmed.

HOWELL, C.J., and GOOLSBY, J., concur.